Yulsman et al., Appellant, *v.* Levy.

Argued October 21, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Samuel Halbert,* and with him *Meyer Emil Maurer,* for appellant.—The undenied and insufficiently denied averments of a statement of claim when offered in evidence, should have been admitted: Meguire v. Gallagher, 89 Pa. Superior Ct. 576; Wayne T. & P. Co. v. Petroleum Co., 83 Pa. Superior Ct. 158; Fairbanks, Morse & Co. v. Flotron Co., 87 Pa. Superior Ct. 228; Aaron Dodek & Son v. Avrach, 297 Pa. 225; Fulton Farmers' Assn. v. Bomberger, 262 Pa. 43; Bowles v. Fed. Electric Co., 89 Pa. Superior Ct. 160.

*Louis Levinson,* and with him *Daniel G. Murphy* and *Isaac D. Levy,* for appellee.—The plaintiff's statement of claim was sufficiently denied, and the court properly refused to admit it in evidence: McKaraher v. Dowling. 90 Pa. Superior Ct. 32; Swieczkowski v. Syniewski, 294 Pa. 323.

OPINION BY GAWTHROP, J., December 12, 1929:

This is an appeal by plaintiff in an action of assumpsit brought in the municipal court of Philadelphia County to recover the price of certain labor and materials furnished to defendant, and also the amount alleged to be due from defendant to plaintiff on an account alleged to have been stated by plaintiff and delivered to, and accepted and agreed to, by defendant. At the trial plaintiff offered in evidence the several paragraphs of the statement of claim for the purpose of offering also the corresponding paragraphs of the affidavit of defense, which counsel for plaintiff deemed to be so utterly insufficient as to amount to admissions of plaintiff's averments. In other words, plaintiff undertook to submit its case on the statement of claim filed and the affidavit of defense. This it had the right to do: Mellon National Bank v. Peoples Bank, 226 Pa. 261. The court declined to admit these offers and granted exceptions. Plaintiff also offered that part of paragraph seven of the affidavit of defense which admitted that "in these transactions" defendant is indebted to plaintiff in the sum of $13.85. This offer was admitted in evidence without objection by defendant, but the latter was permitted to place on the record at the time his own statement that before suit was brought he had admitted his indebtedness to plaintiff in that amount and sent a check to plaintiff who kept the check three days before it was returned to defendant. Defendant then stated: "We make a tender now of the $13.85." Counsel for plaintiff refused to accept

the tender because the costs were not tendered. Plaintiff then rested and defendant offered no evidence. Both sides presented points for binding instructions. The court refused to accept plaintiff's point because a copy of it had not been furnished to defendant. Whereupon, counsel for plaintiff requested the court to note on the record "that the defendant did not furnish me a copy of his point for charge until your Honor asked me if I had furnished him with a copy of my point. Your Honor rejected my point for charge, and after that the defendant gave me a copy of his point." The court granted plaintiff an exception to the refusal to accept this point, declined to affirm defendant's point and directed the jury to render a verdict for plaintiff for $13.85, without costs.

By its statement of the question involved appellant limits our review on this appeal to the determination of the question whether the paragraphs of the statement of claim which it offered in evidence should have been admitted because they were insufficiently denied in the affidavit of defense. Unquestionably the facts set out in the statement, if admitted, established a prima facie case. Paragraph one averred that on February 1, 1925, plaintiff rendered and stated to defendant an account in the sum of $20 for dental materials sold and delivered to defendant, and that defendant agreed to, and accepted, the account as the sum then due plaintiff, and agreed and promised to pay it to plaintiff. Paragraph one of the affidavit of defense is as follows: "Denied. Materials referred to in this paragraph were rejected and returned by the defendant." The word "denied," as applied to an averment of several connected facts, has never been regarded as sufficient. Section 8 of the Practice Act provides that: "It shall not be sufficient ...... to deny generally the allegations of the statement of claim ...... Each party shall answer specifically each allegation of fact of

which he does not admit the truth'': Boles v. Federal Electric Co., 89 Pa. Superior Ct. 160, and cases there cited. The remainder of the answer is not even responsive to the averments in regard to the account stated.

The second paragraph of the statement averred "that plaintiff, at the special instance and request of defendant, sold and furnished the materials and the work and labor necessary to transform the same into the various dental articles enumerated in the itemization hereto attached, marked Exhibit 'A,' and made a part hereof." Paragraph two of the affidavit of defense is as follows: "Admitted as to part of the materials, work and labor enumerated in Exhibit 'A' of plaintiff's statement, for which, defendant has paid by check and in cash, and holds receipts of acceptance, a more detailed itemization is attached hereto and marked Exhibit 'A.'" An examination of the respective exhibits discloses that plaintiff's is an itemized statement in the form of a proper book account, and that defendant's is a statement of his account with plaintiff, showing the dates and amounts of the bills rendered to him by plaintiff, the amount paid by him to plaintiff, if any, on each bill, the balance due on each bill, if any, and a total balance of $13.85 due plaintiff. As stated by the trial judge in his opinion, an inspection of these paragraphs of the pleading, including the exhibits, fails to disclose just what is admitted and what is not admitted. But in our opinion it also clearly appears that this paragraph of the affidavit of defense wholly fails to aver facts which constitute a good defense and prevent summary judgment. A general statement that plaintiff has been paid and there is nothing owing is insufficient. Defendant should have stated when and to whom and in what circumstances the payments were made: Wayne Tank &

Pump Co. v. Thomas Petroleum Products Co., 83 Pa. Superior Ct. 158.

Paragraph three of the affidavit is insufficient for the same reasons. Paragraph five of the statement is as follows: "The prices charged in Exhibit 'A' are the prices which the defendant agreed to pay for the articles therein enumerated." The answer was: "Admitted that defendant agreed to prices, but with the mutual stipulation that the materials, labor and work be satisfactory to him." This was an admission of the averments attempted to be answered. The suggestion that the parties agreed that the materials and work were to be satisfactory to defendant is not responsive to the averments of paragraph five of the statement. As an independent averment it is no defense to the action in the absence of an averment that the work and materials were not satisfactory to defendant. The answer to paragraph six was a bald "Denied," and therefore insufficient. According to familiar decisions the affidavit was insufficient to prevent judgment, if plaintiff had taken a rule for it, but it could obtain the same result at the trial by the method it attempted to pursue, that is, by submitting its case on the statement of claim and the affidavit of defense and presenting a point for binding instructions. The sustaining of the objections to the offers was wrong and prevented that procedure. Therefore, the case must go back for re-trial. If defendant has a real defense, the filing of a supplemental affidavit of defense will be in order. In conclusion we observe that manifestly plaintiff was entitled to its costs with the verdict, and judgment he recovered. The averments of tender in the affidavit of defense were as insufficient as the rest of it, and the tender in court was too late to relieve defendant of costs accrued.

The judgment is reversed and a new trial granted.