Toner, Appellant, v. Cain.

Argued November 22, 1929.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Graff, JJ.

*Thomas J. Lanshe,* for appellant.

*Charles G. Gartling,* for appellee.

OPINION BY TREXLER, P. J., April 18, 1930:

This was a suit for wages and for expenses incurred by the plaintiff in attending a trial at the behest of the defendant. The plaintiff alleged that he was engaged by the defendant to work for him at the sum of $55 per week, the employment to extend for a period of ten weeks. The defendant claims that the wages were to be $37 per week to be paid only during the period that the plaintiff worked for him.

At the trial, plaintiff sought to introduce, as an admission, a portion of the seventh item of the affidavit of defense to show that ''my client was hired and paid a wage of $37 per week for a period of five weeks.'' Objection was made that the whole paragraph should be admitted and that a part could not be detached from it. The whole sentence read: ''Defendant admits, however, that defendant employed plaintiff as a third year helper, but not as a mechanic and admits that he paid defendant at the rate of $37 per week, the usual union wage, for a period of about five weeks, at which time he was compelled to dispense with the services of the plaintiff, because he refused to continue to work under that classification and at that rate of wage.'' The plaintiff argues that if the whole paragraph were admitted, it would put him out of court, for he would thus adopt the defense as part of his case.

A plaintiff is not compelled to offer a whole paragraph of defendant's affidavit in order to prove a fact which is therein admitted. If the fact is qualified, he cannot admit it without the qualification, (Buehler v. U. S. Fashion Plate, 269 Pa. 428) but what the plaintiff's attorney in this case sought to prove was that his client was hired and paid a wage of $37 per week for five weeks. The question of his discharge had nothing to do with the offer and there is no reason why the rest of the paragraph had to be included, nor was the nature of his employment involved. However, there was no harm done. The case was tried by the court without a jury and the receipt of the whole paragraph did not bind the plaintiff to all the matters contained therein, for the court stated to plaintiff's attorney, "As long as he admits he paid your client what he said he paid him $37 per week, what difference does it make?" Both parties went into the matter fully as to whether there was an agreement to pay $37 or $55 and all the questions raised in the pleadings were threshed out before the court. The plaintiff was not precluded by any technical adoption of the entire paragraph from proving his side of the controversy.

The rest of plaintiff's case was founded upon an agreement on the part of the defendant to pay plaintiff's expenses in attending a trial at Philadelphia. There was an automobile accident in which both parties were involved; they brought separate suits against one, Richard Haig. Cain desired Toner's attendance at court and when Haig's case was about to be called for trial, he sent Toner a telegram urging him to come, "expenses will be paid." The plaintiff came to Philadelphia from Petersburg, Virginia, where he was working, but the case was settled before the trial. Cain, the defendant, received $500 in settlement and Toner, the appellant, received $50. The question is whether

the $50 was given to Toner to pay his expenses in attending the trial and thus relieving Cain from paying them, or as compensation for personal injuries. The facts were not clearly elicited, and the trial judge had to do the best he could with the evidence before him and requested that Gartling be heard. He was attorney for both plaintiffs in the case against Haig. When settlement was broached, Haig insisted upon Toner being included, as he wished to have the whole matter cleared up. Gartling, who now represents the appellee and contests the claim of his former client, testified that he saw Toner and asked him whether he was satisfied with $50 including his expenses, and that Toner agreed to that. We are all aware that the word "including" has not a constant meaning; sometimes it means embracing, and sometimes it means in addition: e. g. "salary including expenses."

A witness testified, "My recollection was that it was his carfare and nothing was mentioned about wages. I said to Mr. Cain, 'I think I can get the other side to pay $50.' "

Cain testified that when the amount of $50 was mentioned, it was in order "to cover his expenses which we were trying to get." This answer was allowed to go unchallenged, although open to objection, that the actual words employed would have been the proper evidence of what the parties agreed to. Witness continued, "Did he tell you his expenses were $62? No, $50."

The plaintiff seemed to have fared rather badly, but we think the inferences to be drawn from the testimony which we quote, could sustain the view taken by the court that the $50 as given to the plaintiff was to pay his expenses. If a jury had brought in a verdict to the same effect as the finding of the court, we would not disturb it, neither can we see our way clear to set aside the finding of the court.

The judgment is affirmed.