Faxon *v.* Schoenberg et al., Appellants.

Argued November 10, 1930.

Before TREX-
LER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM,
BALDRIGE and WHITMORE, JJ.

*Abraham L. Freedman* of *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*Milton M. Bennett,* and with him *Meyer Emil Maurer* and *Hirschwald, Goff & Davis,* for appellee.

OPINION BY BALDRIGE, J., December 12, 1930:

This action was brought to recover an amount alleged to be due under a book account for goods sold and delivered. It was tried before a judge without a jury and judgment was entered for the plaintiff.

The plaintiff offered in evidence the several paragraphs of its statement and the corresponding paragraphs of the affidavit of defense which were so insufficient as to amount to an admission of plaintiff's averments, and then rested, as a prima facie case was made out: Yulsman et al. v. Levy, 97 Pa. Superior Ct. 392.

Our attention was called to the fact that there was no written request for binding instructions, but that

was unnecessary as there was no jury. The motion made by the plaintiff for judgment under the facts adduced was sufficient. The affidavit of defense was clearly insufficient as it did not specifically deny the averments in the plaintiff's statement under the eighth provision of the Practice Act of 1915, P. L. 483, as interpreted by our Supreme Court in Buehler v. U. S. Fashion Plate Co., 269 Pa. 428; Fulton Farmers Assn. v. Bomberger, 262 Pa. 43, and numerous other cases following these leading decisions.

The attorney for the defendant informed the court after the plaintiff had rested that he was "entitled to ask leave to amend and add that on the contrary the plaintiff sold them to someone else." He was then notified by the trial judge that if the other side did not agree to the amendment, he would not allow it. Before the plaintiff intimated his attitude on the proposed amendment, the defendant's attorney made the following motion: "I ask leave to amend." The court was given no further information of the nature of the intended amendment and without waiting for any objection or ruling, the counsel for defendant moved for a continuance of the case. The court refused to grant the continuance, no further evidence was offered and the trial judge then entered judgment for the plaintiff.

There is no doubt as to the right of the trial judge to grant or refuse a motion to continue. That is a matter within his discretionary power which will not be reviewed unless there has been an abuse of this right. There was no reason whatever advanced to continue this case and a mere motion so to do did not warrant the trial judge in complying with the request. Parties to an action are entitled to have their cases promptly tried unless a convincing cause is advanced for a postponement. Insofar as the amendment is concerned, the appellant would have been in

a better position to complain if he had set forth the manner in which he proposed to amend his affidavit of defense for the information of the trial judge, and so this court, on review, could determine whether or not there was such merit in his application that a refusal thereof amounted to an abuse of discretion. A notice by a party that he intends to move for an amendment is insufficient if, in fact, he fails to carry out his intention.

From the record in this case, we do not find an abuse of discretionary power which justifies interference. Judgment of the lower court is affirmed.