Yulsman, Appellant, *v.* Levy.

Argued November 20, 1930.

Before TREXLER, P. J., KELLER,

LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Meyer Emil Maurer,* and with him *Samuel Halbert,* for appellant.—A supplemental affidavit of defense filed after an appeal without leave of court, should have been stricken off: Shimp v. Gray, 41 Pa. Superior Ct. 542; McCrea v. Ins. Co., 46 Pa. Superior Ct. 618.

*Isaac D. Levy,* and with him *Louis Levinson,* for appellee.

OPINION BY CUNNINGHAM, J., February 27, 1931:

Upon a former appeal in this case (97 Pa. Superior Ct. 392) we directed a new trial; it resulted in a nonsuit and this appeal is by the plaintiff from the refusal of the trial court to take it off. If counsel had been more mindful of the purpose of pleading—the defining of the issue for trial—and less persistent in their efforts to secure an undue advantage by enmeshing each other in intricacies and technicalities of procedure, we might have been spared this second appeal in a case which began more than five years ago, never involved more than $115.35, and in which the parties have spent more for printing than was ever in controversy between them.

The action below was assumpsit, in which plaintiff, engaged in the business of conducting a dental labora-

tory, sought to recover from the defendant the sum of $115.35 for materials sold and delivered to him. Attached to plaintiff's statement of claim was a copy of his version of the account: it opened with a balance due him of $20 under date of February 1, 1925; various charges at different times followed up to February 8th, aggregating, with said balance, $167.35; credits were given to the amount of $52, leaving a balance for which suit was brought of $115.35. With respect to the opening item of $20 it was averred that it was a statement of account rendered to the defendant for materials sold and delivered and that the account was agreed to and accepted by defendant with a promise to pay the amount thereof. In his affidavit of defense defendant undertook to deny all of the indebtedness except $13.85 and, as to that amount, averred that a certified public accountant representing the plaintiff had called at defendant's office, gone over the statement of plaintiff's account with defendant "and agreed that the amount due was $17.85, the difference of $4 being due to a mathematical error in the calculation by the certified public accountant, overlooked at that time by the defendant; the defendant then tendered this amount to the plaintiff, who accepted the amount in full settlement, and at a later date returned the check." The sufficiency of the affidavit was not challenged by a rule for judgment (in which event, defendant would have been entitled to file a supplemental affidavit) but at the trial plaintiff undertook to try his case on the statement and affidavit by offering in evidence the several paragraphs of the statement and contending they had not been sufficiently denied in the corresponding paragraphs of the affidavit. The trial judge, deeming the affidavit sufficient, declined to admit the offers. Plaintiff also offered the admission that the defendant was indebted to plaintiff in the sum of $13.85; this offer was admitted and defendant was permitted to offer his

averment that before suit was brought he had sent a check and his counsel then stated "we make a tender now of the $13.85." Counsel for plaintiff refused to accept the tender because the costs were not included. Plaintiff then rested and defendant offered no evidence; the trial judge directed a verdict for plaintiff for $13.85, without costs. Upon plaintiff's appeal to this court we held that the averments of the statement offered in evidence by the plaintiff had not been sufficiently denied in the affidavit of defense and that the trial judge should therefore have admitted them in evidence. Upon this ground the judgment was reversed with a venire. GAWTHROP, J., speaking for the court, said, "If defendant has a real defense, the filing of a supplemental affidavit of defense will be in order. In conclusion we observe that manifestly plaintiff was entitled to his costs with the verdict and judgment he recovered. The averments of tender in the affidavit of defense were as insufficient as the rest of it, and the tender in court was too late to relieve defendant of costs accrued." The effect of our decision was that defendant might have a valid defense but had not properly pleaded it. Upon the return of the record he filed a supplemental affidavit without obtaining permission so to do from the court below. The proceeding was not under the Act of April 18, 1874, P. L. 64, applicable to rules for judgment for want of a sufficient affidavit of defense, the second section of which provides that when the appellate court deems the affidavit insufficient it shall remit the record with directions to enter judgment against the defendant for such sum as to right and justice may belong "unless other legal or equitable cause be shown to the court below why such judgment should not be so entered." We made no such order in this case but directed a new trial with an intimation that, if defendant had a defense, it should be properly pleaded in a supplemental affidavit. However, by reason of mat-

ters hereinafter stated, the question whether defendant should have obtained formal leave of court before filing his supplemental affidavit became entirely immaterial. Plaintiff forthwith obtained a rule upon defendant to show cause why the supplemental affidavit should not be stricken off because it had been filed without leave of court, which rule was subsequently discharged; in the meantime, defendant was granted a rule to show cause why plaintiff's petition to strike off the supplemental affidavit should not be stricken off because it had not been filed within the time specified by a rule of the municipal court and this rule was made absolute. In addition to these rules defendant petitioned for and obtained a rule to show cause why leave to file an "amended supplemental affidavit of defense" should not be granted and on February 14, 1930, this rule was made absolute. The net result of these skirmishes was express authority from the court below to defendant to file his amended supplemental affidavit of defense.

When the case finally came on for trial the second time the pleadings, therefore, consisted of the statement of claim on one side and the original, supplemental and amended supplemental affidavits on the other. There are no substantial conflicts or inconsistencies in the affidavits, and, under the established practice, they are to be considered and construed as one affidavit: Woodoleum Flooring Co. v. Kayser, 45 Pa. Superior Ct. 372. Thus considered, the defendant's pleadings now contain detailed averments with respect to every material allegation in the statement of claim which, if proven, would constitute a complete defense to all of plaintiff's claim except the $13.85 admitted to be due plaintiff. This item is treated under the head of "new matter" in the amended supplemental affidavit. Defendant there avers that the accountant was sent "as agent for the plaintiff for the purpose of definitely calculating and settling the mat-

ters herein involved," and that the parties arrived at a definite statement of their accounts, a copy of which was attached to the affidavit. This statement, after showing charges identical with those contained in plaintiff's exhibit and aggregating $167.35, contains items for goods returned in the amount of $91.40, credits allowed to the extent of $20.35 and cash payments of $41.75, making the total credits $153.50 and leaving a balance due plaintiff of $13.85. The affidavit continues: "It was thereupon agreed between the said agent and accountant for the plaintiff, and the defendant that the sum due the plaintiff was $13.85. The said sum was then tendered by the defendant to the said duly authorized agent and accountant for the plaintiff, and the latter requested that the defendant give him a check. The defendant gave to the said agent and accountant for the plaintiff his check in payment, the amount of which was $17.85, instead of $13.85, which was overlooked by the parties. The said check was delivered to the plaintiff who accepted the same and held it for three days when he returned it to the defendant. This tender was made prior to the institution of suit."

Plaintiff's reply to the new matter was that the accountant went to defendant's office for the sole purpose of collecting "the amount of the claim in suit" and that the statement, a copy of which was attached to the affidavit, was merely defendant's statement of the account as he claimed it should be stated. With respect to the alleged tender the reply reads: "Plaintiff denies any agreement whatsoever as to any amount in the sum of $13.85 and avers that if defendant tendered said check said tender was a voluntary act on the part of the defendant and said tender was never authorized or agreed to or accepted by the plaintiff...... Plaintiff denies that he accepted same and held it for three days." At the trial counsel for plaintiff, instead of placing his client on the stand and proceeding to prove his case in the usual way, seems to

have conceived, and persisted in, the erroneous impression that the supplemental and amended supplemental affidavits were not in the pleadings. He offered in evidence the averments in the first paragraph of the statement upon the ground that they were not sufficiently denied in the first paragraph of the "original" affidavit of defense. Counsel for defendant objected to the offer and contended that they were specifically denied in the supplemental affidavits. Counsel for plaintiff insisted that the supplemental affidavits could not be considered because they had been filed without leave of court. This assertion was made in the face of the fact that the court, by making absolute the rule above referred to, had expressly authorized the filing of the amended supplemental affidavit. The trial judge very properly ruled that these affidavits were before the court and, as they contained sufficient denials of the averments in the statement, plaintiff could not prove the facts contained in the first paragraph of the statement in the manner he was then attempting to prove them. This method was persisted in by counsel for plaintiff with respect to the other paragraphs of the statement, apparently upon the theory that the supplemental affidavits did not exist. In one or two instances, however, where plaintiff's counsel conceived that the supplemental affidavits contained admissions against the interest of the defendant, he offered certain paragraphs from the amended supplemental affidavit. It is obvious that counsel should not attempt in this manner to play fast and loose with pleadings which he knew had been filed by permission of the court. Offers of this kind were made repeatedly and properly excluded. With the exception of the matters hereinafter referred to, counsel for plaintiff pursued this method throughout the trial, declined to offer any oral evidence, rested his case on his offers and submitted a point for binding instructions. Defendant's counsel moved for a nonsuit which the trial judge granted. We

would not reverse that judgment were it not for the erroneous manner in which the matter of the admitted balance, and alleged tender thereof, was disposed of. Unfortunately, an error was committed in connection therewith which makes it necessary for us to remand this case for another trial. Counsel for plaintiff offered in evidence "that part of paragraph seven of the original affidavit of defense which reads 'defendant admits that in these transactions, he is indebted to the plaintiff in the sum of $13.85.'" Defendant's counsel objected to the offer "unless there is added to it the qualification contained in the supplemental affidavit of defense and amended supplemental affidavit of defense that tender was made of that amount before suit was brought." The sustaining of this objection was error. Of course plaintiff's counsel was not justified in making an offer from the "original" affidavit alone, but all the affidavits contain the admission and he was entitled to the benefit of it (Toner v. Cain, 98 Pa. Superior Ct. 477) for what it was worth in the light of the other averments in the affidavits. The practical situation before the trial judge was that defendant admitted a balance due plaintiff but averred that a tender of it had been made before suit was brought. Plaintiff denied the tender and under the pleadings as they then stood an issue of fact arose as to whether tender had been made and rejected. That question should have been submitted to the jury. Under the circumstances the entry of a nonsuit was improper.

The first and thirteenth assignments, relating to the exclusion of plaintiff's offer of defendant's admission of a balance due and the refusal to take off the nonsuit, are sustained and the other assignments dismissed.

Judgment reversed with a venire.