THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TYRONE WILLIAMS, Defendant-Appellant.

First District (1st Division)   No. 83—1420

■■■■■■■■■■■■

Opinion filed November 25, 1985.

James J. Doherty, Public Defender, of Chicago (Kendall Hill, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Maureen A. Harton, and Mary Ann Callahan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE QUINLAN delivered the opinion of the court:

Defendant Tyrone Williams was convicted of murder and sentenced to natural life imprisonment without the possibility of parole. The issue raised on appeal is whether defendant was denied effective assistance of counsel where his attorney was under indictment and allegedly preparing his own defense at the same time he was representing defendant.

Defendant retained private counsel to represent him during his trial for murder. After a bench trial, which took place on December 2, and 3, 1982, defendant was found guilty. The State notified defendant on December 29, 1982, that it would seek the death penalty. As a basis for his motion for a continuance of the sentencing hearing, defense counsel stated, both State and Federal criminal charges had been filed against him and he had not had time to prepare for the hearing because he spent most of his time preparing his own defense in these matters. Counsel obtained several continuances on defendant's death penalty hearing. He was replaced by the public defender's office on April 8, 1983. The public defender filed a motion for a new trial in which it was alleged that defendant received ineffective assistance of counsel because counsel prepared for his own case rather than defendant's. Defendant also submitted an affidavit stating that he did not know that his lawyer was under indictment and, had he known this fact, he would have replaced him. The trial court denied defendant's motion for a new trial.

On appeal, defendant again contends he was denied effective assistance of counsel because of this preoccupation of his counsel. Relying on *People v. Williams* (1982), 93 Ill. 2d 309, 444 N.E.2d 136, defendant argues that counsel must be presumed to have rendered ineffective representation because he was under indictment while representing a defendant in a capital case. He concedes, however, that the

assistance of counsel would not be considered ineffective if judged by the normally applicable standards set forth in *People v. Royse* (1983), 99 Ill. 2d 163, 457 N.E.2d 1217, and *People v. Greer* (1980), 79 Ill. 2d 103, 402 N.E.2d 203, but contends that based on *Williams* he is entitled to a new trial.

The defendant argues that the circumstance the court found required reversal in *Williams* and the circumstances here are the same and, thus, a new trial is warranted here also. The specific circumstances cited by defendant are basically those expressed in the motion for a continuance filed by his attorney. Counsel there stated he had been indicted in the State court on March 25, 1982, and the trial had been set for November 29, 1982. Although the State subsequently withdrew the charges, counsel asserted that he spent time assisting in the preparation of his defense "almost to the exclusion of the rest of his practice." Counsel also was indicted in Federal district court and was arraigned on those charges on December 6, 1982. He researched and prepared motions to strike the indictment and was successful in his motion, but on January 30, 1983, the Federal government returned new indictments against him. Counsel further stated he was not able to prepare adequately for defendant's sentencing hearing because of the research and court appearances in his cases.

In *People v. Williams* (1982), 93 Ill. 2d 309, 444 N.E.2d 136, the supreme court reversed defendant's convictions for murder, rape and aggravated kidnaping and the sentence of death which had been imposed and granted defendant a new trial because disciplinary action was pending against his attorney at the time of trial. In granting the new trial, the court held that the alleged trial errors committed by counsel were accentuated by the fact that disciplinary proceedings were pending against the attorney. The errors specifically mentioned by the court as bases for its decision were counsel's failure to file a motion to suppress evidence seized from Williams' car, failure to object to material submitted to his jury which indicated that a codefendant had implicated him, and the failure to file a motion for a new trial. Moreover, the court stressed the additional burden placed on counsel by the simultaneous trial of his three clients before two juries and the fact that the death sentence was imposed. The court concluded that although a review of the record did not reveal actual incompetence, as judged under ordinary standards, "the unique circumstances and sequence of events in this capital case" required that, in the interests of justice, defendant be granted a new trial. 93 Ill. 2d 325, 444 N.E.2d 143.

Thereafter, in *People v. Rainge* (1983), 112 Ill. App. 3d 396, 445

N.E.2d 535, this court addressed the issue of whether Williams' codefendant at the trial who was represented by the same lawyer, was denied effective assistance of counsel. This court held that the case was so intertwined with *Williams* that the reasoning of the court in *Williams* had to be applied. The court therefore ordered a new trial for Rainge.

However, the case at bar does not approach the complexity of *Williams* and *Rainge* where three defendants represented by the same lawyer were tried jointly before two juries and thus, the conflict of interest problem presented in *Williams* is not present here. Additionally, the defendant in *Williams* was in fact sentenced to death. Defendant here was not. Furthermore, defendant does not contend that there is any evidence that his attorney was actually incompetent or that he was prejudiced by any incompetence such that the outcome of the trial would have been different. In fact, a review of the record indicates that counsel acted competently in handling the trial in this case. Counsel filed a motion for severance, raised numerous objections during the State's direct examination of its witnesses, conducted vigorous cross-examination, filed a post-trial motion, filed and argued three motions to ban the death penalty hearing, and successfully argued a motion to grant funds for expert witnesses. Clearly, the facts present in *Williams* are not present here.

Also, in our opinion, the *Williams* case does not set down a general rule requiring a presumption of incompetence on the part of counsel (see *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, and *cf. United States v. Cronic* (1984), 466 U.S. 648, 80 L. Ed. 2d 657, 104 S. Ct. 2039), but is limited to its unique facts. The court in the *Williams* case itself said it believed the "unique circumstances and sequence of events *** will rarely, if ever be duplicated." (*People v. Williams* (1982), 93 Ill. 2d 309, 325, 444 N.E.2d 143.) We find that the case at bar is distinguishable from *Williams* and *Williams* therefore is not applicable.

For these reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.