OPINION OF THE COURT
William J. Thom, J.
Defendant moves to dismiss the complaint in this action for facial insufficiency. The motion is granted.
*142 In July of this year the Court of Appeals rendered an opinion in People v Dumas (68 NY2d 729, 731 [1986]) which struck down the following complaint as facially insufficient: " 'Deponent is informed by an undercover police officer of the New York City Police Department, Shield Number 6938, who is known to the deponent, that defendant knowingly and unlawfully sold to informant marijuana to wit: 2 clear plastic bags of marijuana, for a sum of United States currency’
The Court of Appeals found that this language failed to allege facts of an evidentiary nature showing the basis for the conclusion that the substance sold was marihuana and, therefore, was fatally defective under the Criminal Procedure Law (CPL 100.15 [3]; 100.40 [4] [b]). The opinion went on to suggest at least two methods of curing the defect, one of which was an "allegation that the police officer is an expert in identifying marihuana (cf. People v Kenny, 30 NY2d 154)”. (People v Dumas, supra, p 731.)
Subsequent to the Dumas (supra) decision, the office of the District Attorney of New York County began drafting drug possession complaints like the one in this case, set forth, in full, below:
"Deponent states that the defendant knowingly and unlawfully possessed a controlled substance, to wit: cocaine in that deponent observed defendant holding a paper containing cocaine.
"Deponent further states that the above-described substance is cocaine based upon deponent’s prior experience as a police officer in seizing narcotics and making narcotics arrests; professional training as a police officer with respect to the identification of narcotics.”
In People v Paul (133 Misc 2d 234) this sort of language was found in sufficient compliance with Dumas (supra). I, respectfully, disagree.
To begin with, the selection of the word "expert” by the Court of Appeals conveys the idea of a very high level of training and experience, not the few hours of police academy training concerning narcotics every rookie police officer possesses.
That analysis is buttressed by the reference in Dumas to People v Kenny (supra). In Kenny, the complainant testified that he paid $5 (in 1972) for a small amount of marihuana, that he repaired to a secluded spot with the seller to smoke it, that he had smoked marihuana before and after this incident, *143 and that he knew the substance to be marihuana because of its appearance, its odor and because the smoke caused him to become "high”. The complainant’s identification of the substance in question as marihuana was disallowed on the ground that the complainant was not an expert. Thus, in citing Kenny, the Court of Appeals is underscoring that when it used the word "expert”, it meant that term literally, and the opinion of an educated layperson, even a drug user, is not enough.
Finally, the last sentence in Dumas (supra, p 731) reads as follows: "If found to be sufficient on its face, the misdemeanor complaint alone may serve as the basis for issuing an arrest warrant (CPL 120.20 [1]) and the requirement for factual allegations of an evidentiary character establishing reasonable cause should be assessed in that light.” This caveat is especially meaningful in drug cases in which a small, but regular, percentage of the cases result in laboratory reports showing no controlled substances present and in which the accused are often indigents unable to make the most minimal bail.
For the reasons set forth above, I hold that generalized, unquantified and unspecified allegations of training and experience regarding narcotics are insufficient allegations of expertise under People v Dumas (supra) and, without more, result in drug possession complaints which are facially deficient.