546 A.2d 632

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Russell L. VANCE, Appellee.**

Superior Court of Pennsylvania.

Argued April 27, 1988.

Filed Aug. 1, 1988.

494

George S. Leone, Philadelphia, for Com., appellee.

Thomas L. McGill, Jr., Philadelphia, for appellant.

Before CAVANAUGH, WIEAND and DEL SOLE, JJ.

CAVANAUGH, Judge:

The primary issue in this appeal is whether the revocation by the Supreme Court of defense counsel's admission to the bar of Pennsylvania, after the defendant's criminal trial had been completed, renders counsel ineffective.

The background of this case is most important. The defendant, Russell L. Vance, was arrested on February 4, 1985 and charged with murder and possession of an instrument of crime. He confessed to the crime and his statement established that he had shot Isaiah Anderson nine times with three different weapons, apparently in a dispute over rent payments. The shooting occurred in the basement of the house which defendant rented from Mr. Anderson at 2938 W. Girard Avenue, Philadelphia, Pennsylvania. After shooting the victim, the defendant wrapped his body in trash bags, having bound his arms and legs with

wire. The defendant then drove the body to an isolated spot in South Philadelphia and disposed of it.

Mr. Vance was represented by Richard Potack from about April, 1985 until he was sentenced on February 5, 1986. During this time counsel actively sought to protect his client's interests, including the filing of a motion to suppress evidence on which two days of hearings were held. Defense counsel unsuccessfully sought to have bail reinstated for his client and sought psychiatric evaluations to establish that the defendant was suffering from post-traumatic stress disorder resulting from his activities in Viet Nam. The defendant was a Viet Nam veteran and claimed that he had shot and killed civilians who were trying to steal garbage.

The defendant's mental condition at the time of the offense was an essential part of the case. The court directed that the defendant be examined at the Veteran's Hospital at Coatesville by Dr. William Racek. The case was then listed for a status hearing on October 28, 1985, and on that date defense counsel informed the court that he had not yet received the report of Dr. Racek's examination of the defendant. Rule 1100 was waived until January 31, 1986, and the matter was continued for trial to the earliest date possible consistent with the court's calendar and the defense counsel's schedule.

On December 17, 1985, defense counsel filed another petition for bail. The court scheduled a hearing and bail was denied. The court then directed a psychiatric examination of the defendant by the Psychiatric Unit of the Probation Department and the case was continued to January 21, 1986. The court also ordered defense counsel to provide the Commonwealth with defendant's medical and psychiatric records. The case was then listed for jury trial on January 27, 1986.

On the date set for jury trial, defense counsel moved to re-open the suppression hearing for the limited purpose of additional testimony regarding physical evidence. The court permitted the introduction of this testimony, but

denied defense counsel's motion to suppress the evidence. A Motion for Redaction of Defense Psychiatric Report was granted. The court denied a defense motion for the jury not to be death qualified. Jury selection began that day and was completed on January 31, 1986 and court was recessed until February 3, 1986.

Prior to the defendant's appearance in court on February 3, 1986, defense counsel made two motions which the court denied. He then indicated that the defendant wished to examine the physical evidence. When the defendant arrived at the courtroom, he was permitted to do so and the court then took a brief recess. When all parties returned to the courtroom, defense counsel requested another recess because the defendant had indicated that he was considering the entry of a guilty plea. When the court reconvened, defense counsel informed it that the defendant would plead guilty to murder generally and possessing an instrument of crime generally. After an extensive colloquy, the court accepted the defendant's guilty plea. The degree of guilt hearing began immediately thereafter and testimony as to the degree of guilt concluded on February 5, 1986. The defendant was adjudicated guilty of murder in the first degree and guilty of possessing an instrument of crime generally. He was immediately sentenced to a term of life imprisonment on the murder charge and a concurrent term of two and one-half to five years for possessing an instrument of crime.

On February 10, 1986, the defendant filed pro se motions to withdraw his guilty plea and for modification and reconsideration of sentence. On March 11, 1986, the court ordered the appointment of new counsel for the defendant and Thomas L. McGill, Esq., the appellant's present counsel was appointed.

On June 24, 1986 an evidentiary hearing on the defendant's allegations of ineffective assistance of counsel was held. Richard Potack, trial counsel, testified at the hearing and the appellant was represented by Mr. McGill. On September 23, 1986, the trial court was advised by the

Disciplinary Board of the Supreme Court of Pennsylvania
that Mr. Potack's admission to the Pennsylvania Bar had
been revoked on April 16, 1986.

 The issue before the lower court was whether the
appellant should have been allowed to withdraw his guilty
plea after sentence had been imposed. In order to permit
the withdrawal of a guilty plea after sentence has been
entered, there must be a showing of prejudice that results
in a manifest injustice to the defendant. *Commonwealth v.
West*, 336 Pa.Super. 180, 485 A.2d 490 (1984); *Common-
wealth v. Middleton*, 504 Pa. 352, 473 A.2d 1358 (1984). A
defendant who attempts to withdraw a guilty plea after
sentencing must carry the substantial burden of showing
manifest injustice which is imposed in recognition that a
plea withdrawal can be used as a sentence testing device.
*Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591
(1982). Allegations of ineffectiveness of counsel in connec-
tion with withdrawal of a guilty plea provide a basis for
withdrawal only if there is a nexus between counsel's
ineffectiveness and an involuntary or unknowing plea.
*Commonwealth v. West, supra. Commonwealth v. Ow-
ens*, 321 Pa.Super. 122, 467 A.2d 1159 (1983). The court
below allowed the defendant to withdraw his guilty plea on
the grounds that he was denied the effective assistance of
counsel. The basis for this determination was that "the
defendant was represented by counsel who was not a duly
licensed member of the bar and who was abusing cocaine
during the course of his representation." (Slip opinion page
30).

The thrust of the opinion of the court below is not that
the defendant's guilty plea was unknowing or involuntary,
but goes rather to the conduct of defendant's counsel
unrelated to the substantive efficacy of the proceedings
before the court. The first premise of the court below, that
defendant's counsel was not a duly licensed member of the
bar, is not supported by the evidence. Mr. Potack had been
a member of the bar of California since 1975. Because of
improper conduct in the representation of clients there and

also for the alleged passing of bad checks, proceedings were commenced in California to discipline Mr. Potack. Apparently, he voluntarily ceased practicing law in California. In February, 1984, he took the Pennsylvania Bar examination and passed. In May, 1984, he was admitted to the bar of the Commonwealth of Pennsylvania. On or about January 10, 1986, the Pennsylvania Board of Law Examiners petitioned the Supreme Court of Pennsylvania to revoke Mr. Potack's admission to the bar on the grounds of false statements in his application for admission to the Bar of the Commonwealth of Pennsylvania and that he was not of good character. On April 16, 1986, the Supreme Court entered an order stating "Petition to Revoke Admission to Bar granted."

■ Mr. Potack was a duly licensed lawyer in Pennsylvania from May, 1984 to April 16, 1986. The admission of an attorney to practice before a court is a judicial act as is the revocation of admission to the bar. *In re Shigon*, 462 Pa. 1, 329 A.2d 235 (1974). At the time Mr. Potack represented the defendant, he was a member of the Pennsylvania Bar.

■ The court below based its analysis that the defendant was denied his constitutional right under the Sixth Amendment to the United States Constitution on the conclusion that the "Supreme Court's order of April 16, 1986 revoking Potack's admission to the bar has the effect of making his membership in the Pennsylvania Bar void ab initio." If this were the case, then the result decreed by the trial court that the appellant did not have counsel would be achieved without difficulty. However, there is nothing in the law that states a grant of a petition to revoke admission to the bar is equivalent to a person never having been a member of the bar.

The court below relies on several cases which developed a rule voiding convictions of defendants who were represented by persons who had not been admitted to practice law in any jurisdiction. We are not called on to justify this rule as the defendant's counsel was admitted to practice law in Pennsylvania during the time of his representation of the

defendant. The court below relied on *Solina v. United States*, 709 F.2d 160 (2d Cir.1983) which set forth a *pro se* rule that a defendant's Sixth Amendment rights are violated where his representative is not authorized to practice law in any state.[1] Similarly, in *Huckelbury v. State*, District Court of Appeals of Florida, 337 So.2d 400 (1976) the court held that an indigent defendant is entitled to be represented by counsel certified by the state. In *Huckelbury, supra*, the defendant's representative in a first degree murder case worked for the public defender's office, but was not a lawyer. The court vacated a judgment of conviction based on a guilty plea on the basis that the plea was not knowing or voluntary since the defendant was advised by a non-lawyer.

In *People v. Felder*, 47 N.Y.2d 287, 418 N.Y.S.2d 295, 391 N.E.2d 1274 (1979) the Court of Appeals of New York held that representation by one who was not, and had never been, admitted to the Bar of New York or any other state or jurisdiction did not constitute representation by counsel under the Constitution.

The court below also relied on *Waterhouse v. Rodriquez*, 660 F.Supp. 319 (E.D. New York, 1987) *reversed by Waterhouse v. Rodriguez*, 848 F.2d 375 (2 Cir.1988), in which the defendant was represented by counsel who had been a member of the bar but was disbarred in the midst of a suppression hearing at which he represented the defendant. The United States District Court held that the defendant was denied effective assistance of counsel. The court below also alluded to *People v. Williams*, 93 Ill.2d 309, 67 Ill.Dec. 97, 444 N.E.2d 136 (1982), in which the Supreme

---

**1.** The court stated in *Solina v. United States*, 709 F.2d at 167 that the right to assistance of counsel could mean nothing less than the "representation by a licensed practitioner." The court also stated at 709 F.2d 167:

> We limit our decision in this case to situations where, unbeknown to the defendant, his representative was not authorized to practice law in any state, and the lack of such authorization stemmed from failure to seek it or from its denial for a reason going to legal ability, such as failure to pass a bar examination, or want of moral character.

Court of Illinois granted a new trial where the defendant was found guilty of murder and other offenses, as trial counsel's misconduct in an unrelated matter at the time he was representing the defendant led to his subsequent disbarment. However, the court limited its determination to the unique circumstances of the case.[2] In *People v. Williams*, 138 Ill.App.3d 1041, 93 Ill.Dec. 569, 487 N.E.2d 13 (1985), the defendant was convicted of murder and contended that he was denied effective assistance of counsel as his attorney was under indictment and allegedly preparing his own defense at the same time he was representing the defendant. The court held that the record indicated that counsel acted competently and that *People v. Williams*, 93 Ill.2d 309, 67 Ill.Dec. 97, 444 N.E.2d 136 (1982) did not set down a rule requiring a presumption of incompetence where counsel is concerned with allegations of his own misconduct while representing a criminal defendant. See also *People v. Lieberman*, 149 Ill.App.3d 1052, 103 Ill.Dec. 480, 501 N.E.2d 797 (1986), which held that censure of trial counsel by the Attorney Registration and Disciplinary Commission was totally irrelevant as the censure concerned different clients and totally unrelated issues.

In *United States v. Hoffman*, 733 F.2d 596 (9th Cir.1984), the United States Court of Appeals was confronted with the issue whether representation by an attorney suspended from the Florida Bar during trial, but not suspended from practice before the Federal District Court until after trial, constituted representation by counsel within the confines of the Sixth Amendment, and held that it did even though counsel did not inform the court of his suspension.

■ Even where an attorney has already been disbarred at the time he represents a defendant in a criminal trial,

---

2. In *People v. Williams, supra,* defense counsel was involved with charges of mishandling an estate at the time he represented the defendant which ultimately led to his disbarment after the trial. The court stated at 93 Ill.2d 309, 67 Ill.Dec. 97, 104, 444 N.E.2d 136, 143:

We believe, however, considering the unique circumstances and sequence of events in this capital case, which will rarely, if ever, be duplicated, that the interests of justice require that Dennis Williams be granted a new trial.

there is no *per se* rule that the defendant has not been represented by counsel. In *United States v. Mouzin*, 785 F.2d 682 (9th Cir.1986), trial counsel was disbarred from practicing in the 9th Circuit for conduct unbecoming a member of the bar in unrelated cases. He was in the midst of a trial when he was disbarred and the court held that the disbarment of defense counsel during trial did not violate the defendant's Sixth Amendment rights to effective assistance of counsel as the record did not show a failure to effectively represent his client despite his disbarment.

We conclude that the court below erred in determining that the defendant was not represented by an attorney. On the contrary, the defendant was at all times during the course of his trial and sentencing procedure represented by a member of the bar. The fact that his counsel's admission to the bar was subsequently revoked for activities not related to his conduct at trial does not mean that he was unrepresented by counsel at trial.

This does not conclude our inquiry as we must also determine if counsel was effective. The trial court during the course of the proceedings believed that counsel was performing in a satisfactory manner. The lower court praised defense counsel's efforts. The court said that it "couldn't think of a lawyer who has done a better job for a client than Mr. Potack has for [the defendant]." The court told defendant that defense counsel had been "wonderful", saying "[h]e has done nothing but work for you." The court later reiterated that defense counsel was "a terrifically good lawyer" who was "doing a very good job." In the guilty plea colloquy, the court again emphasized that defense counsel had been "very energetic and industrious," had given defendant "wonderful, loyal" representation, had "done an able job," and had "done everything that he could possibly do."

It was not until after new counsel had been appointed that the court was informed of the disciplinary proceedings against defense counsel in California and Pennsylvania. It was only then that it became concerned that Mr. Potack

was a user of cocaine which might have adversely affected his performance at trial. There is nothing in the record to indicate that Mr. Potack was under the influence of cocaine during his representation of the defendant to an extent that his representation was impaired. The use of cocaine by Mr. Potack was based on the testimony of Lewis Small, Esq. with whom Mr. Potack had been associated for about 6 months. Mr. Small testified that a client told him that he had seen Potack purchase cocaine and another client told him that Potack looked like a cocaine user, and he also testified that Mr. Potack told him he used cocaine. Also, Mr. Small testified that Mr. Potack looked drawn and tired when he worked for him.

Even if Mr. Potack was a cocaine user during the trial, it would not *per se* render him ineffective. The use of alcohol during a trial by counsel who stated he drank every morning for forty years did not of itself render counsel ineffective. *Commonwealth v. Burton*, 491 Pa. 13, 417 A.2d 611 (1980): [3]

> ... [T]he fact that an attorney used drugs is not, *in and of itself,* relevant to an effective assistance claim. The critical issue is whether, for whatever reason, counsel's performance was deficient and whether the deficiency prejudiced the defendant.

*Berry v. King,* 765 F.2d 451, 454 (5th Cir.1985).

The thrust of the opinion of the court below is that Mr. Potack should not have been admitted to practice law in Pennsylvania and was admitted only because he made false representations on his application for admission and did not disclose the serious complaints that had been filed against him in California, including criminal charges for issuing bad checks. The court was also concerned that counsel was a cocaine user.[4] However, there was no indication that the

---

**3.** In *Commonwealth v. Burton, supra,* the trial court detected a strong odor of alcohol on counsel's breath during trial and asked counsel to limit his drinking during the trial so that the court would not be offended by his breath.

**4.** The court stated at page 31 of its slip opinion:

use of cocaine affected the quality of counsel's representation. In fact, the court was very favorably impressed with the manner in which Mr. Potack represented the defendant.

The court did state its opinion that even apart from counsel's fraudulent misrepresentations, bad moral character and drug abuse, he was ineffective in two respects: (1) in allowing the defendant to plead guilty to a murder charge after a jury had been selected without requesting a continuance of even one day and (2) in advising the defendant that in his opinion the court would find the defendant guilty only of 3rd degree murder.[5]

█ With respect to the claim of ineffectiveness, counsel is presumed to be effective and the burden of proving ineffectiveness rests on the defendant. *Commonwealth v. Floyd,* 506 Pa. 85, 484 A.2d 365 (1984). In our opinion, the appellant has not carried this burden. The United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established the rule that even if counsel is ineffective, relief is mandated only where there is a reasonable possibility that the result would have been different if it had not been for counsel's errors. As our Supreme Court observed in *Commonwealth v. Pierce,* 515 Pa. 153, 158, 527 A.2d 973, 975 (1987), *"Strickland,* therefore, directs the review of the appellate court at the reliability of the verdict rather than at the quality of counsel's performance." In addition, since the defendant is attempting to withdraw a guilty plea after sentencing, the ineffectiveness, if any, must go to the narrow issue of whether it caused the entry of an unknowing or involuntary plea.

Unknown to the court or to the defendant, defense counsel's status as a duly licensed attorney was in serious doubt during the period of his representation. Two months after the defendant entered his plea, defense counsel's admission to the Pennsylvania Bar was revoked. Defense counsel was a cocaine abuser at the time of his representation.

5. The appellee did not raise any other issues of ineffectiveness beyond those discussed by the trial court.

■■■■ There is no requirement that there be a continuance before entering a guilty plea after a not guilty plea has been entered. In *Commonwealth v. Butler*, 454 Pa. 95, 309 A.2d 720 (1973), the defendant entered a guilty plea to murder twenty minutes after he had pled not guilty. Defense counsel is not ineffective simply because the period of consultation with his client is brief before the guilty plea is entered. *Commonwealth v. Sisco*, 482 Pa. 459, 393 A.2d 1197 (1978).

In the case before us, a death-qualified jury was selected over a period of five days and the Commonwealth had opened its case. The appellant had a weekend to consider the strength of the case against him and the prosecution's refusal to accept a guilty plea of 3rd degree murder. The court below stated that it was its "distinct impression that Mr. Vance was changing his plea because he was terrified that he would get the death penalty from that jury," particularly after hearing the "very powerful" opening of the Commonwealth. We are convinced that the plea was voluntary and knowing, as was the court below before it accepted the plea.

■■■■ The trial court also found that counsel was ineffective for expressing his belief to the defendant that the case was a 3rd degree murder case and a neutral judge would see it as 3rd degree. In *Commonwealth v. Price*, 306 Pa.Super. 507, 452 A.2d 840 (1982) we found that counsel was not ineffective for expressing his opinion that the court would more likely find his client guilty of murder in the 3rd degree because of intoxication. The court found the defendant guilty of murder in the 1st degree, but we found no basis for determining that counsel's advice was not designed to further the interests of his client. In the instant case, there was evidence presented by defense counsel that his client was suffering from post-traumatic stress disorder because of his activities in Viet Nam. Counsel had good reason to believe that the court might well have found the

defendant guilty of 3rd degree murder. During the degree of guilt hearing, the trial court stated that it was "struggling" with the question of whether the crime involved 1st degree or 3rd degree murder. After determining the degree of guilt, the court indicated that it might still be able to "conjure" up a 3rd degree verdict stating "I've tried, believe you me."

■■■ Disappointment by a defendant in his sentence does not justify withdrawal of a guilty plea. *Commonwealth v. West, supra.* Dissatisfaction with the trial court's finding regarding degree of guilt and the subsequent sentence imposed does not constitute the required prejudice in the nature of manifest injustice. *Commonwealth v. Refile,* 353 Pa.Super. 190, 509 A.2d 400 (1986). We find that trial counsel was effective in his representation of the defendant and the defendant's guilty plea was voluntarily and intelligently entered. Although the court below found counsel to be ineffective in his representation, the heart of the court's opinion goes to conduct not related to activity at trial, namely the misrepresentations which formed the basis of his admission to the Pennsylvania Bar and its belief that "[w]hile representing a client in a capital case, he was under the influence of a highly addictive and illicit drug." (Slip opinion page 45). The trial court's own observations of Mr. Potack over an extended period of time in representing the defendant revealed that defense counsel acted in the best interests of his client.

Order allowing the defendant to withdraw guilty plea reversed and judgment of sentence affirmed.