554 A.2d 68

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert A. WEEKS, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1988.

Filed Jan. 24, 1989.

Reargument Denied March 7, 1989.

David B. Acker, Coudersport, for appellant.

Martha J. Duvall, Assistant District Attorney, Coudersport, for Com., appellee.

Before CAVANAUGH, TAMILIA and HOFFMAN, JJ.

CAVANAUGH, Judge:

This case is before us upon the allowance of an appeal *nunc pro tunc* by the lower court. On appeal, we are asked to review the propriety of appellant's sentence.

Appellant pled guilty to escape and murder of the third degree on January 6, 1986. On March 5, 1986, he was sentenced to a term of incarceration of a minimum of nine and a maximum of eighteen years on the murder charge and a concurrent term of a minimum of three and a maximum of six months on the escape charge. Appellant filed a motion for reconsideration of sentence, and after a hearing on April 2, 1986, the motion was denied.

A notice of appeal from the judgment of sentence was filed on May 2, 1986. On January 20, 1987, this court

quashed the appeal as untimely since the appeal should have been taken within thirty days of March 5th. No 625 Pittsburgh 1986, per curiam. Thereafter on August 4, 1987, appellant executed a *pro se* petition under the Post Conviction Hearing Act (PCHA), and on August 19, 1987 the lower court appointed instant counsel to represent appellant. An amended PCHA petition was filed on December 15, 1987. By order filed on December 16, 1987, the lower court granted leave to appeal *nunc pro tunc*. Notice of appeal was filed on January 14, 1988, and the matter is now properly before us for review.

The first issue presented is, "Whether trial counsel was ineffective for failure to raise objection to improprieties in the sentencing and post trial hearings?" Appellant's argument on this issue is based upon the alleged interjection of religion in the sentencing proceeding by the trial court, Judge Harold B. Fink. Appellant maintains that trial counsel rendered ineffective assistance when he did not object to Judge Fink's references to religion and to his own personal religious beliefs.

The standard by which we determine whether counsel has acted in a constitutionally effective manner is first, is the claim of arguable merit; second, is there some reasonable basis designed to effectuate the client's interest; and third, has the challenged conduct prejudiced the client. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). Absent any of these factors, a claim of ineffectiveness dues not warrant the granting of relief.

We have thoroughly reviewed the record in this case and find that although there is arguable merit to appellant's claim, there is a reasonable basis for counsel's action designed to further appellant's best interests and there is no prejudice suffered by appellant as a result of counsel's action.

Appellant claims that Judge Fink interjected religion into the sentencing hearing and the hearing on the motion for reconsideration of sentence. In fact, the topic of religion was not brought up until the judge afforded appellant his

right of allocution. Prior to appellant's addressing the court, the discussion between the court and counsel regarding sentencing involved the Sentencing Guidelines, particularly the effect of appellant's juvenile adjudications on the calculation of the prior record score. It was appellant who informed the court that he had found the Lord and that he had put his fate in his hands. After appellant finished speaking, the judge imposed sentence. In doing so, he discussed appellant's background, the nature of the crime and appellant's state of mind and use of alcohol and drugs at the time of the crime, appellant's expression of remorse and cooperation with the authorities, as well as a reference to appellant's apparent sincerity in pursuing religion. The judge's comments on religion were in response to the statement made by appellant and, in this context, do not appear to reflect an influence of religion in determining sentence.

Looking to the hearing on the motion for reconsideration of sentence, again the question of religion was brought up by counsel for appellant wherein he sought to alert the judge to the genuineness of appellant's religious beliefs and devotion. Again, the judge allowed appellant to expostulate about the change which his religious beliefs had brought about in his life. The judge had a minimal amount of comment and reiterated his belief that appellant's rebirth would stand him in good stead during his period of incarceration. Judge Fink then referred to the Sentencing Guidelines and stated that the original sentence was an appropriate sentence. The record then reflects the court as saying, "Thank you. I wonder how our Court Reporter's going to put down the tongues." Notes of Testimony, April 2, 1986, at 10. The appellant said, "Praise the Lord." *Ibid.* Immediately thereafter the court concluded the hearing and stated that he regretted that a young man who has submitted himself to the Lord must spend his next nine years in prison, but that the sentence stood.

The question before us is, did trial counsel have a reasonable basis for not objecting to the religious references made by the court? We conclude that he did since he hoped that

his client's religious fervor would impress the judge in a favorable manner and would result in a more lenient sentence. The record shows that the judge considered all relevant factors including the presentence report, before imposing sentence. (*See, Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988). Absent an abuse of discretion, the court's consideration of the pre-sentence report requires that the sentence not be disturbed on appeal.) Trial counsel was not unreasonable in seeking to gain leniency for his client by appealing to the judge's known and admitted religious preferences.

In finding no ineffectiveness of trial counsel, we are by no means implying that the behaviour of Judge Fink was appropriate. On appeal, our attention has been called to the opinion of the Supreme Court in which it accepted the recommendation of the Judicial Inquiry and Review Board (JIRB) that Judge Fink be removed from office. *Judicial Inquiry and Review Board v. Fink,* 516 Pa. 208, 532 A.2d 358 (1987). Judge Fink's conduct during the instant case was reviewed, among many other charges, and was found to be violative of the Judicial Code of Conduct. In discussing this case the court said:

(c) In April of 1986 Respondent presided over a hearing on a motion for reconsideration of sentence in *Commonwealth v. Weeks,* No. 83 of 1985 (C.P. Potter County). At the hearing the defendant testified that he had been "born again," that he had "found" Jesus Christ, and as further evidence of his religious temperament, he began "speaking in tongues." Although Respondent denied the defendant's motion for reconsideration, Respondent, while wearing judicial robes, descended from the bench and physically embraced the defendant as a "brother in Christ." ...

It is, of course, axiomatic that an individual litigant's religious beliefs and practices may not be considered by any judicial officer in any legal proceeding in this Commonwealth. That a litigant might be treated favorably because of his religious identity, rather than because of

the merits of is case, would violate the Establishment Clause of the First Amendment and is a concept foreign to any notion of fundamental fairness. And yet the possibility of religiously-biased treatment is precisely what was raised in the cases where Respondent himself acknowledged that his religious preferences were so well known that criminal defendants commonly professed Christian beliefs and practices in an attempt to get reduced sentences.

Our system of government is grounded on individual freedom to participate or not participate in religious activity. And this freedom extends, needless to say, to those involved in civil and criminal litigation. When a judge of a Court of Common Pleas openly indicates a personal affinity for persons of the Christian faith, as opposed to persons of no religious faith or persons of non-Christian faith, he has affixed the imprimatur of state approval on a particular type of religious belief. This is the stuff of oppression, not freedom, and it will not be tolerated in this Commonwealth.

*Id.*, 516 Pa. at 229–231, 532 A.2d at 368–369.

We note, however, that the Supreme Court faced a different issue and had the benefit of a different record than the ones before us. We are not called upon to re-examine the competence of Judge Fink to hold judicial office. In light of the Supreme Court's decision, it would be exceeding our jurisdiction as an inferior appellate court to presume to determine that matter. We are required to decide the issue of ineffective assistance of counsel. Further, nowhere in the record before this court does it appear that Judge Fink descended from the bench in judicial robes and physically embraced the appellant as a "brother in Christ." This evidence, it must be concluded, was developed in the course of the proceedings against Judge Fink. Absent this evidence in the record before us, we may not consider it in evaluating the effectiveness of trial counsel.

In summary, it appears the argument on appeal is an attempt to capitalize on events which may have worked in

appellant's favor after action has been take against the trial judge by the Supreme Court. Appellant has made no showing that his counsel's failure to object to the subject of religion prejudiced him in any manner. Such is the standard that must be met to prove ineffective assistance of counsel. Judge Fink's conduct has been determined to have been violative of the Judicial Code and the Supreme Court has sanctioned him. We are without authority to accede to appellant's desire to turn this appeal into a proceeding whose only outcome would be the superfluous condemnation of Judge Fink's behavior.

▉ Contemporaneous and subsequent events which may bear upon a judge's or lawyer's competence are inadequate to warrant a new trial unless it can be demonstrated that the individual on trial suffered actual prejudice as a result of the challenged behavior. Appellant does not articulate any tangible way he has been prejudiced, but appears to rest on the *per se* impropriety of Judge Fink's actions. This approach has been rejected by this Court. *See, Commonwealth v. Hewett,* 380 Pa.Super. 334, 551 A.2d 1080 (1988) (fact that judge is under investigation by the JIRB at time of trial does not mandate new trial absent showing of specific instances of partiality, bias, or prejudice) and *Commonwealth v. Vance,* 376 Pa.Super. 493, 546 A.2d 632 (1988) (subsequent revocation of defense counsel's admission to the bar and alleged cocaine abuse at time of trial does not constitute ineffectiveness where counsel's actual representation reveals that counsel had acted in his client's best interests.) Absent a showing of lack of reasonable basis for counsel's action and of prejudice suffered by appellant, we find that appellant had the benefit of effective assistance of counsel.

▉ The second issue presented is, "Whether the trial court improperly imposed sentence upon the Defendant?" Appellant bases this argument on the trial court's application of the Sentencing Guidelines. However, since the Guidelines have been held to have been of no force at the time of imposition of sentence, *Commonwealth v. Sessoms,*

516 Pa. 365, 532 A.2d 775 (1987), any argument claiming misapplication of the guideline criteria is moot. We examine the sentence in light of *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987) and *Commonwealth v. Devers, supra,* to determine whether there has been compliance with the Sentencing Code, as a whole, and whether the lower court had available to it a pre-sentence report which would assist it in the exercise of its broad discretion in imposing an appropriate sentence. Given the circumstances of the crime (a killing committed with a codefendant), appellant's background and expression of remorse as well as his adjustment to incarceration, the sentence of nine to eighteen years is not an abuse of discretion.[1]

Judgment of sentence affirmed.

HOFFMAN, J. concurs in the result.

---

**1.** We note this issue is an appeal from a discretionary aspect of sentence and should have complied with the requirements of *Commonwealth v. Tuladziecki, supra,* regarding inclusion of a statement of reasons relied upon for allowance of appeal. However, since appellee did not raise this procedural defect in appellant's brief, it is waived. *Commonwealth v. Krum,* 367 Pa.Super. 511, 533 A.2d 134 (1987).