574 A.2d 86

**COMMONWEALTH of Pennsylvania**

v.

**John McCLOY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 4, 1989.

Filed April 10, 1990.

Reargument Denied May 22, 1990.

218

Stanley M. Shingles, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CAVANAUGH, BROSKY and WIEAND, JJ.

WIEAND, Judge:

Based upon information supplied by a confidential informant, police obtained a warrant authorizing a search of the residence at 7330 Passyunk Avenue, Philadelphia. When the warrant was executed on January 15, 1986, the police seized approximately eighteen grams of methamphetamine, thirty-three grams of hashish, and ten grams of marijuana, plus thirteen thousand, seven hundred seventeen ($13,717) dollars in cash, a cutting agent and two scales. The owner

of the house, John McCloy, was arrested and charged with possession of a controlled substance and possession of a controlled substance with intent to deliver. Following trial by jury, McCloy was found guilty as charged. Post-trial and supplemental post-trial motions were denied, and McCloy was sentenced to serve a term of imprisonment of not less than five (5) years nor more than ten (10) years. On direct appeal from the judgment of sentence, appellant has raised numerous issues. Only two of those issues warrant discussion.[1] These arguments are that (1) the trial court erred when it refused to allow a substance abuser to testify as a defense expert, and (2) trial counsel rendered ineffective assistance because he was burdened with a personal conflict of interest.

Philadelphia Police Officer John Caserta testified as an expert witness for the Commonwealth and opined that the drugs seized at appellant's residence had been possessed for

1. The following issues were correctly decided and adequately discussed by the trial court.

1. Were the Defendant's alleged statements to the police constitutionally inadmissible because the Commonwealth failed to satisfy its burden of establishing that the Defendant knowingly and intelligently waived his Fifth Amendment Rights as explicated in *Miranda v. Arizona?*

2. Did defense counsel's failure to object to irrelevant and highly prejudicial testimony relating to bail deprive the Defendant of the effective assistance of counsel?

3. Did the prosecutor's comments in summation constitute prosecutorial misconduct?

4. Did the Court err in failing to instruct the jury that mere presence or residence at the scene is insufficient to prove a conscious dominion over contraband?

5. Did the Court err in its ruling on several evidentiary questions?

6. Was the execution of the search warrant flawed by the failure of law enforcement officers to delay forced entry for a time sufficient to allow the occupants to surrender the premises peacefully?

7. In several instances did the trial judge's conduct transcend applicable standards?

Additionally, McCloy asserts that trial counsel was ineffective for failing to request a jury instruction on mere presence at the scene of the crime. This issue is without merit. Our review discloses that the court's charge adequately covered this area of the law. Counsel will not be deemed ineffective for failing to pursue a meritless course of action. See: *Commonwealth v. Thomas,* 372 Pa.Super. 349, 353, 539 A.2d 829, 831 (1988).

purposes of distribution and not for personal use. Caserta's opinion was based upon the quantity, value and types of drugs seized and upon the manner in which they had been packaged and stored. He estimated that methamphetamine sold for approximately one hundred ($100) dollars per gram and said that it was unlikely that a drug user would be taking methamphetamine, a stimulant, and hashish, a hallucinogen, at the same time.

■ Appellant offered in rebuttal the testimony of Herbert Ackerman, a fifty-seven year old drug user. At a hearing held out of the presence of the jury, Ackerman said that he had been a user of various drugs for approximately forty-five years and had used methamphetamine off and on for about twenty years. He also said that he had never used hashish and had not used marijuana for many years. However, he knew of other drug users who had taken hashish or marijuana with methamphetamine to ease the nervousness caused by methamphetamine. While he claimed to have been out of circulation for over a year, Ackerman said that he had purchased methamphetamine on three occasions in the year preceding appellant's trial for about seventy ($70) dollars per gram. Appellant offered Ackerman as an expert to testify regarding the current price of methamphetamine and the practice of drug users who took methamphetamine and hashish at the same time. The trial court ruled that Ackerman was not qualified to testify as an expert and excluded his testimony. Appellant contends that the court's ruling constituted error.

The applicable law has been summarized as follows:

> To qualify as an expert witness, a witness need only have a "reasonable pretension to specialized knowledge," on a subject for which expert testimony is admissible. *Commonwealth v. Washington*, 235 Pa.Super. 339, 340 A.2d 896 (1975). An expert's pretension to specialized knowledge may be based upon practical, occupational, or other experiential training; the expert need not have gained expertise through academic training. *Commonwealth v. Ellis*, 354 Pa.Super. 11, 510 A.2d 1253 (1986);

*Commonwealth v. Daniels*, 280 Pa.Super. 278, 421 A.2d 721 (1980). The determination of whether a witness is qualified to offer an expert opinion on a particular subject is a matter addressed to the sound discretion of the trial court, and its discretion will not be reversed absent a clear abuse of discretion. *Commonwealth v. Samuels*, 354 Pa.Super. 128, 511 A.2d 221 (1986); *Commonwealth v. Ellis, supra; Commonwealth v. Bulling*, 331 Pa.Super. 84, 480 A.2d 254 (1984).

*Commonwealth v. Pearsall*, 368 Pa.Super. 327, 332, 534 A.2d 106, 109 (1987). See also: *Commonwealth v. Riffert*, 379 Pa.Super. 1, 21, 549 A.2d 566, 576 (1988); *Commonwealth v. Samuels*, 354 Pa.Super. 128, 137, 511 A.2d 221, 226 (1986), *rev'd on other grounds*, 516 Pa. 300, 532 A.2d 404 (1987).

In response to appellant's post-trial motions, the trial court explained its ruling that Ackerman was not qualified to testify as an expert as follows:

In the opinion of this Court, Mr. Ackerman did not qualify to testify on the market price of hashish or methamphetamine or to contradict Officer Caserta's experience that a drug user does not generally consume the two. Although a drug abuser for many years, he indicated very limited experience with methamphetamine users and knew little about hashish and abusers of that drug. He testified that he never purchased hashish, had been only a sporadic user of methamphetamine and had no knowledge or experience of the current street price of those drugs. His pretense that he knew the street price is based on skimpy information that eight years before, while in prison, he discussed street price of drugs with fellow inmates. Although he testified to having been drug free and out of circulation of the drug culture for more than a year, he testified that he knew the street price because on three occasions (May, August and two weeks before) he had purchased methamphetamine, all from a center city location. In making his purchases he had not shopped around.

While the witness might qualify to opinionate as to whether the substance was methamphetamine, see generally, *Commonwealth v. Harris*, 186 Pa.Super. 59, 140 A.2d 344 (1958) (testimony of drug addict identifying substance sold to her by defendant [as] heroin admissible), *Commonwealth v. Aikens*, 179 Pa.Super. 501, 118 A.2d 205 (1955) (same), in our considered judgment he did not have that sufficient current experience that would have made him knowledgeable to tell the jury as to the current price of the drug, or if it's common for a drug abuser to use an hallucinogenic drug with a stimulant drug. Cf. *People v. Fasanaro*, 134 Misc.2d 141, 509 N.Y.S.2d 713 (1986) (generalized, unqualified and unspecified allegations of training and experience of even a drug user are insufficient allegations of expertise). Specific contrary experience does not rebut general data acquired through long time continued interest and study.

We perceive no abuse of discretion in the trial court's ruling. Despite a long history of drug abuse, Ackerman was able to demonstrate at best that he had only a passing familiarity with the drugs at issue in the instant case and very little knowledge of the general practices of drug abusers. Therefore, the trial court could properly conclude that the witness lacked the specialized knowledge necessary to testify as an expert witness.

Appellant's trial was held in November, 1986. He argues on appeal that his trial counsel then labored under an impermissible conflict of interest because, while representing appellant, counsel was also cooperating with the Federal Bureau of Investigation (F.B.I.) in an unrelated investigation of corruption in the Philadelphia judicial system. An evidentiary hearing was held by the trial court on this issue, at which defense counsel, Barry H. Denker, Esquire, testified that in August, 1986, less than two months after undertaking appellant's defense, he had been confronted by the United States Attorney's Office with evidence that he had bribed a state parole officer. Fearing a federal prosecution, Denker agreed to cooperate with the F.B.I. in a

continuing investigation. His role was to continue representing clients as he would normally do, and, if any offers of bribes were made to or through him, to report such offers to the F.B.I. Denker was not authorized to act on his own initiative to obtain evidence by his own design, but in some instances, at the direction of the F.B.I., Denker actually made payments to judges in response to specific requests to offer bribes. Ultimately, as a part of his agreement with the federal authorities, Denker withdrew from the practice of law in November, 1986, shortly after appellant's trial had been concluded. Charges were brought against Denker in September, 1987, and he then entered a negotiated plea of guilty to two counts of mail fraud. Appellant was not aware of Attorney Denker's role in these investigations because, as a part of his agreement with federal authorities, Denker did not disclose to anyone his involvement in the F.B.I.'s investigation.

It must be observed at the outset that Denker's representation of appellant was wholly unrelated to the F.B.I. investigation of judicial corruption in Philadelphia. This is not disputed. Appellant contends nonetheless that trial counsel's unrelated cooperation with the F.B.I. was a direct conflict of interest and rendered his representation of appellant constitutionally ineffective. Counsel's concern for mitigating the consequences of his own criminal conduct, appellant argues, was at variance with his duty of loyalty to the client.

"Because the law presumes that counsel is effective, the burden of establishing ineffectiveness rests with appellant." *Commonwealth v. House,* 371 Pa.Super. 23, 28, 537 A.2d 361, 363 (1988). See also: *Commonwealth v. Floyd,* 506 Pa. 85, 90, 484 A.2d 365, 367 (1984); *Commonwealth v. McKendrick,* 356 Pa.Super. 64, 71, 514 A.2d 144, 148 (1986). To meet this burden appellant must plead and prove that:

1) the issue underlying his claim of ineffectiveness is of arguable merit; 2) the course chosen by counsel had no reasonable basis designed to serve his interests; and 3) he suffered prejudice as a result of counsel's ineffectiveness. *Commonwealth v. Pierce,* 515 Pa. 153, [158–160],

527 A.2d 973, 975–76 (1987); *Commonwealth v. Buehl*, 510 Pa. 363, 378–79, 508 A.2d 1167, 1174–75 (1986); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–5 & n. 8, 235 A.2d 349, 352–53 & n. 8 (1967).

*Commonwealth v. House, supra.* See also: *Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988); *Commonwealth v. Harner*, 377 Pa.Super. 229, 243, 546 A.2d 1241, 1247 (1988); *Commonwealth v. Riggins*, 374 Pa.Super. 243, 248–249, 542 A.2d 1004, 1007 (1988). When the claim of ineffective assistance of counsel is based upon an alleged conflict of interest, however, prejudice will be presumed where counsel is shown to have been burdened by an actual conflict of interest. See: *Commonwealth v. Buehl*, 510 Pa. 363, 379, 508 A.2d 1167, 1175 (1986), *cert. denied*, 488 U.S. 871, 109 S.Ct. 187, 102 L.Ed.2d 156 (1988); *Commonwealth v. Smith*, 380 Pa.Super. 619, 629–630, 552 A.2d 1053, 1059 (1988). To prevail in the instant case, it was necessary for appellant to "demonstrate[ ] that counsel 'actively represented conflicting interests' and 'that an actual conflict of interest adversely affected his lawyer's performance.' " *Commonwealth v. Buehl, supra*, quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348, 350, 100 S.Ct. 1708, 1718–1719, 64 L.Ed.2d 333, 346–347 (1980). See also: *Commonwealth v. Smith, supra; In re Saladin*, 359 Pa.Super. 326, 331, 518 A.2d 1258, 1261 (1986). The showing of a mere possibility of a conflict of interest "is insufficient to impugn a criminal conviction." *Cuyler v. Sullivan, supra* at 350, 100 S.Ct. at 1719, 64 L.Ed.2d at 348.

The authorities relied upon by appellant to support his claim that counsel was burdened by an actual conflict of interest are inapposite to the factual scenario in this case. The cases cited in appellant's brief illustrate that an actual conflict may be found in any of the three following situations: (1) where counsel is not authorized to practice law at the time he represents the defendant, see: *Solina v. United States*, 709 F.2d 160 (2d Cir.1983) (trial counsel had not passed bar exam); (2) where counsel was under investigation for or was engaged in criminal activity related to that with which the defendant had been charged, see: *Govern-*

*ment of Virgin Islands v. Zepp*, 748 F.2d 125 (3d Cir.1984) (trial counsel was potentially subject to indictment for aiding defendant to destroy evidence and was called as prosecution witness at trial); *United States v. Cancilla*, 725 F.2d 867 (2d Cir.1984) (trial counsel may have been engaged in similar criminal activity with a possible co-conspirator of defendant); and (3) where counsel is under investigation or indictment by the same prosecutor's office as is prosecuting the defendant, see: *United States v. DeFalco*, 644 F.2d 132 (3d Cir.1979) (appellate counsel was under indictment and entered guilty plea at behest of the same U.S. Attorney's Office during pendency of defendant's appeal), *United States v. McLain*, 823 F.2d 1457 (11th Cir.1987) (trial counsel was under investigation by same U.S. Attorney's Office before and during defendant's trial). These decisions are not on all fours with the facts of the instant case.

█ Here, there was no direct nexus between trial counsel's cooperation with the federal authorities and his representation of appellant in a state prosecution on drug charges. Appellant has also failed to show that counsel's interest in cooperating with the federal authorities, in order to mitigate his own potential criminal liability for bribing a parole officer, had any adverse effect on counsel's ability to represent appellant effectively. Counsel testified at a post-trial evidentiary hearing that the F.B.I. had placed no restrictions upon his law practice and opined that the possibility of federal charges being brought against him, as well as his cooperation in the federal investigation, had had no effect on his representation of appellant at trial. Our own review of the record discloses that in all respects trial counsel provided a vigorous and skilled defense and made strategic and legal decisions which were reasonably calculated to serve appellant's interests.

In *Commonwealth v. Vance*, 376 Pa.Super. 493, 546 A.2d 632 (1988), the defendant sought to withdraw his guilty plea because, subsequent to trial, his attorney's authority to practice law had been revoked for making false statements in his application for admission to the bar. The defendant asserted that the revocation of counsel's admission to the

bar had deprived him of his Sixth Amendment right to be represented by a lawyer. The Superior Court rejected this argument, holding that the defendant's attorney had been a member of the bar while representing the defendant at trial. Central to the Court's decision was the fact that counsel's misconduct, for which his admission to the bar had been revoked, was not related to any conduct in the defendant's case. *Id.* at 499–503, 546 A.2d at 635–637. See also: *United States v. Mouzin,* 785 F.2d 682 (9th Cir.1986), *cert. denied,* 479 U.S. 985, 107 S.Ct. 574, 93 L.Ed.2d 577 (1986); *United States v. Hoffman,* 733 F.2d 596 (9th Cir. 1984), *cert. denied,* 469 U.S. 1039, 105 S.Ct. 521, 83 L.Ed.2d 409 (1984). The *Vance* Court also rejected the defendant's argument that he had been denied effective assistance of counsel because his attorney had been using cocaine while representing him. In rejecting this claim of ineffectiveness, the Superior Court reviewed the record and uncovered no basis for concluding that counsel's use of cocaine had affected the quality of counsel's advocacy. *Id.* at 503–505, 546 A.2d at 637–638. See also: *Commonwealth v. Burton,* 491 Pa. 13, 21, 417 A.2d 611, 614–615 (1980) (counsel's alleged inebriation during trial found not to constitute ineffectiveness where there was no indication on record that counsel's drinking had affected the quality of his representation); *Commonwealth v. Cofield,* 310 Pa.Super. 356, 362, 456 A.2d 650, 653 (1983) (no conflict of interest where counsel convicted of mail fraud several months after defendant's trial where defendant failed to offer any explanation as to why this constituted ineffective assistance of counsel).

In a case similar to the instant case, the Illinois Court of Appeals refused to adopt a mandatory rule presuming incompetence where counsel was faced with allegations of his own misconduct while he represented a criminal defendant. See: *People v. Williams,* 138 Ill.App.3d 1041, 93 Ill.Dec. 569, 487 N.E.2d 13 (1985). The defendant, having been found guilty of murder, contended that his attorney had provided ineffective assistance because he was under indictment on unrelated criminal charges and was preparing his own defense at the same time he was representing the

defendant. The Illinois Court, after rejecting a per se rule of incompetence under such circumstances, held that the record indicated that counsel's representation of the defendant had been constitutionally effective. See also: *Commonwealth v. Shraiar*, 397 Mass. 16, 489 N.E.2d 689 (1986); *State v. Pych*, 213 N.J.Super. 446, 517 A.2d 871 (1986).

■ We hold, therefore, that where, as here, defense counsel's personal, legal troubles are unrelated to those of the client whom he is representing, there is no per se rule which commands that counsel be deemed constitutionally ineffective. In order to be entitled to relief from a conviction under such circumstances, the defendant must affirmatively show that his right to a fair trial was prejudiced by his counsel's representation. In the instant case, neither appellant nor our own review has produced a basis for finding the quality of counsel's advocacy impaired because he was under investigation by federal authorities in another, unrelated matter.

The judgment of sentence is affirmed.