420 A.2d 1046

**COMMONWEALTH of Pennsylvania**

**v.**

**Kenneth JONES, a/k/a Wayne Adams, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed March 28, 1980.

Paulette J. Balogh, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and WATKINS, JJ.

VAN der VOORT, Judge:

Appellant was convicted of escape by Judge O'Brien, sitting non-jury, and was sentenced to imprisonment for not less than two nor more than seven years.

His appeal is founded upon these contentions of reversible error:

1. The lower court improperly denied:

(a) a motion to suppress evidence, and

(b) a motion to quash the indictment.

2. He was denied due process at a preliminary hearing when his appointed counsel failed to subpoena a witness in his behalf.

3. The sentence constituted an abuse of the lower court's discretion.

We will discuss them in order.

As part of the general background be it noted that appellant was one of 17 inmates of the Allegheny County Jail who escaped on August 6, 1977. He was arrested on August 18, 1977 in the apartment of his alleged common law wife, on information obtained from a police informant.

Responding to that information, two deputy sheriffs and one police officer appeared at the door to an apartment at 3146 Cordell Place, Pittsburgh.

The testimony taken at the suppression hearing was that the door to the apartment was open some three to four inches. A police officer knocked on the door and received no response, but heard music within. He then knocked on the door with a blackjack, causing it to open three or four feet. At that point, through the opening, he saw appellant sitting in a chair. A woman who had been sitting on the couch came to the door and asked what was going on, and said, "come in". The officers entered and took appellant into custody.

Appellant argues that the police officers violated the law by causing the door to open some three or four feet (with the blackjack) without announcing their purpose and identity. *Commonwealth v. Mazzella*, 231 Pa.Super. 247, 331 A.2d 784 (1974) is cited by appellant. His reliance on *Mazzella* is misplaced. There, police officers, pursuant to a valid search warrant, knocked on an apartment door, got no response, and five to ten seconds later broke the door down. This court held that the forced entry was illegal.

In our present case, however, accepting the police officers' testimony as credible, as we must do, entry was not forced: the door came further ajar when the officers continued to knock, and one of the persons on the premises said, "Come in". See pages 59 to 61 of the testimony before Judge Cherry, the hearing judge.

Note also *Commonwealth v. Perry*, 254 Pa. 549, 386 A.2d 86 (1978), which differs on its facts from the present case, but supports the lower court's decision here that the police officers' actions were reasonable in all the circumstances.

We think that the motion to suppress was properly denied.

Appellant further argues that the court below should have granted his motion to quash the information. He claims that it did not contain all the elements of the crime of escape. Appellant claims that the situation in the instant case is the same as that in *Commonwealth v. Walters*, 250

Pa.Super. 392, 378 A.2d 993 (1977). In *Walters,* the appellant was charged with theft by receiving stolen property. The indictment in *Walters* did not recite that the defendant knew the property was stolen. Such knowledge is an element of the offense charged. The Commonwealth contended that the citation of the applicable statutory section properly supplied the allegation of knowledge that the property was stolen and made the indictment sufficient.

We held that such citation did not supply the missing allegation of defendant's knowledge that the property was stolen. In the instant case the information is as follows:

1. THE COURT OF COMMON PLEAS
COUNTY OF ALLEGHENY
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

VS.

KENNETH JONES a/k/a WAYNE ADAMS

Criminal Action No: CC7706208A

The District Attorney of Allegheny County by this information charges that on (or about) August 6, 1977 in the said County of Allegheny Kenneth Jones a/k/a Wayne Adams hereinafter called actor, did commit the crime or crimes indicated herein; that is:

| 51210A | Count 1 | ESCAPE | Felony 3 |

The actor unlawfully removed himself from official detention at Allegheny County Jail, Pittsburgh, Pennsylvania in violation of Section 5121(a) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. § 5121(a).

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.

/s/ Robert E. Colville
Attorney for the Commonwealth

C3253    /   October          , 18    , 1977

The crime of escape is defined as follows:

98

"§ 5121 ESCAPE (a) Escape.–A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.

.     .     .     .     .

(d) Grading.–(2) An offense under this Section is a misdemeanor of the second degree. . . ." [1] It will be seen that the indictment did identify the charge as being a felony. Moreover the cause for detention of appellant is not an element of the crime of escape. It is obvious that the elements of the crime of escape are exactly the same whether the appellant is being detained upon a charge of felony or following the conviction of a crime or misdemeanor or is held because of other official detention for criminal conduct. Whether or not defendant is detained on a charge of felony or following conviction of a crime or other official detention relates not to the guilt or innocence of the defendant but to the grading of the offense and consequently the punishment to be imposed in the event that the defendant is adjudged guilty of escape. See *Commonwealth v. McKennion*, 235 Pa.Super. 160, 340 A.2d 889 (1975). For the same principle regarding grading of offenses see also the Dissenting Opinion of SPAETH, J. in *Commonwealth v. Stanley*, 265 Pa.Super. 194, 401 A.2d 1166 (1979). The challenge to the Information in the instant case fails for the reason that said Information sufficiently charged appellant with the offense of escape.

The record shows that appellant was being officially detained for violation of his parole for an offense of robbery, a felony. The court below did not err in sentencing appellant for the offense of escape graded a felony.

Appellant's second–numbered contention is that he was denied due process (or, putting the matter differently, he was the victim of inadequate counseling) because his ap-

1. 1972, December 6, P.L. 1482, No. 334, Section 1, effective June 6, 1973, 18 Pa.C.S. 5121.

pointed attorney failed to secure the attendance of a witness at the preliminary hearing.

The court below (opinion page 2a–3a) dismisses this contention on the ground that the witness's testimony (one Eugene Nixon), as determined by the witness' subsequent testimony at the trial, "did not help the defendant because it did not go to a recognized defense. Nor would it have helped him at the preliminary hearing . . . ." *Commonwealth v. Fisher*, 243 Pa.Super. 128, 364 A.2d 483 (1976), is cited by the court below as establishing that counsel will not be deemed ineffective for failing to do something that would not help his client.

■ We think appellant is not entitled to a reversal in this case on the basis of ineffective counsel. It was his counsel's decision (not the magistrate's decision)[2] that appellant should proceed through the preliminary hearing without calling the witnesses, and there was at the time of the hearing a reasonable basis for counsel's decision. When now appellant seeks to second guess his counsel by claiming ineffectual counseling, we think the lower court is entitled to make the determination that counsel was not ineffective, even though the determination is based in part on information developed at a later stage in the proceedings; that is, that different action by counsel would not have helped appellant. See *Commonwealth v. Fisher*, 243 Pa.Super. 128, 136, 364 A.2d 483 (1976).

■ Appellant argues that the sentence of two to seven years was excessive in view of all the circumstances. We think the extent of the sentence was a matter within the lower court's judicial discretion and find no abuse of it.

Affirmed.

SPAETH, J., files a dissenting opinion.

2. This is not a *Commonwealth v. Mullen*, 460 Pa. 336, 333 A.2d 755 (1975) situation where the magistrate at the preliminary hearing foreclosed the defendant from calling witnesses in his behalf.

SPAETH, Judge, dissenting:

Among the claims raised by appellant on this appeal is the claim that his preliminary hearing counsel was ineffective in not calling a certain witness to testify on appellant's behalf. Since counsel at the preliminary hearing was a member of the same Public Defender office as is his present appellate counsel, and since we cannot conclude that counsel's ineffectiveness is clearly demonstrated on the record, this case should be remanded so that appellant may obtain counsel unconnected with the Public Defender's office. *See Commonwealth v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978); *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1972). It is therefore improper for this court to consider the merits of either the claim of ineffective counsel or the other claims raised by appellant on this appeal.

The case should be remanded with instructions.