476 A.2d 1313

**COMMONWEALTH of Pennsylvania**

v.

**David R. NIXON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 30, 1983.

Filed May 4, 1984.

Petition for Allowance of Appeal Denied Oct. 12, 1984.

251

252

Dennis M. DiMartini, Monaca, for appellant.

Anthony J. Berosh, Assistant District Attorney, Beaver, for Commonwealth, appellee.

Before WIEAND, JOHNSON and HESTER, JJ.

WIEAND, Judge:

David R. Nixon entered a plea of guilty to burglary and pleas of nolo contendere to two charges of escape. On the burglary charge, he was sentenced to serve a term of imprisonment for not less than two and one-half nor more than ten years and was ordered to make restitution. On the escape charges, he was sentenced to two concurrent terms of imprisonment for not less than two and one-half nor more than seven years to be served consecutively to the sentence for burglary. On direct appeal from the judgments of sentence,[1] Nixon argues that his sentences for escape were contrary to law and that the total time to be served was excessive. We conclude that one of the sentences for escape exceeded the maximum authorized by statute and must be vacated. In all other respects appellant's sentences are proper. His contention of excessiveness is lacking in merit.

1. An immediate appeal was not filed, but after a P.C.H.A. proceeding, Nixon was permitted to file a direct appeal *nunc pro tunc.*

The crime of escape is graded by Section 5121(d) of the Crimes Code, 18 Pa.C.S. § 5121(d), as follows:

(d) **Grading.**—

(1) An offense under this section is a felony of the third degree where:

(i) the actor was under arrest for or detained on a charge of felony or following conviction of crime;

(ii) the actor employs force, threat, deadly weapon or other dangerous instrumentality to effect the escape; or

(iii) a public servant concerned in detention of persons convicted of crime intentionally facilitates or permits an escape from a detention facility.

(2) Otherwise an offense under this section is a misdemeanor of the second degree.

The information filed to No. 276 of 1981 accused appellant of escape in that he did "unlawfully remove himself from official detention or fail to return to official detention following temporary leave granted for a specific purpose or limited period, all of which is against ... 5121(a)." There were no facts recited in the information to suggest whether the offense committed by appellant was a felony or misdemeanor.

In *Commonwealth v. McNeill*, 293 Pa.Super. 319, 439 A.2d 131 (1981) (Popovich, J., dissenting), a panel of this Court held that "if an indictment or information fails to set forth the degree of the offense, a conviction for escape must be graded as a misdemeanor of the second degree." *Id.*, 293 Pa.Superior Ct. at 322, 439 A.2d at 133. See also and compare: *Commonwealth v. Jones*, 279 Pa.Super. 93, 420 A.2d 1046 (1980) and *Commonwealth v. Longo*, 269 Pa.Super. 502, 410 A.2d 368 (1979).

■ The Commonwealth argues that *McNeill* is not controlling where, as here, the plea colloquy disclosed to appellant that his offense was a felony for which a maximum sentence of seven years could be imposed by the court. This argument must fail. In *Commonwealth v. Longo, supra,* another panel of this Court considered a similar

issue where the information gave no indication of the grade of the retail theft alleged therein. The Court held that the guilty plea colloquy could not change the offense charged in the information. When a defendant enters a plea of guilty to an information charging one offense, he cannot be sentenced for another, more serious offense. This is so even though the guilty plea colloquy suggests that he is to be sentenced for the more serious offense.

■ These decisions are controlling. When appellant entered a plea of nolo contendere to the information at 276 of 1981, his plea was entered to escape, a misdemeanor of the second degree. The maximum sentence for such an offense was imprisonment for two years. 18 Pa.C.S. § 1104. Because the sentence imposed by the court exceeded the statutory maximum, it must be vacated.

■ The same result does not follow in No. 370 of 1981. The information filed in that case averred that appellant had acted "feloniously" in making his escape. The offense to which appellant entered a plea of nolo contendere in this case, therefore, was a felony; and he could properly be sentenced for a felony of the third degree. See: *Commonwealth v. Jones, supra.*

■ Appellant's remaining contention is wholly without merit. The sentencing guidelines, it may be observed, have no application for appellant's sentences were imposed on August 5, 1981, prior to the effective date of the sentencing guidelines. The sentencing court had broad discretion in imposing sentence, and this Court will not find an abuse of discretion unless the sentencing court exceeded the maximum sentence authorized or imposed a sentence that was manifestly excessive. *Commonwealth v. Martin*, 328 Pa. Super. 498, 477 A.2d 555 (1984); *Commonwealth v. Black*, 321 Pa.Super. 44, 467 A.2d 884 (1983); *Commonwealth v. Gaus*, 300 Pa.Super. 372, 377, 446 A.2d 661, 664 (1982); *Commonwealth v. Corson*, 298 Pa.Super. 51, 56, 444 A.2d 170, 172 (1982); *Commonwealth v. Rooney*, 296 Pa.Super. 288, 292, 442 A.2d 773, 774–775 (1982).

In the instant case, the sentencing court considered the seriousness of appellant's offenses, the plea bargain negotiated on appellant's behalf, appellant's assistance in solving other burglaries, his prior criminal record, his personal circumstances and the potential for rehabilitation. Our review of these same considerations fails to support appellant's contention that the cumulative effect of the sentences was manifestly excessive.[2]

The judgments of sentence imposed at Nos. 201 and 370 of 1981 are affirmed. The sentence imposed at No. 276 of 1981 is vacated, and that case is remanded for resentencing.

2. Appellant has also argued that the sentencing court's comments following a hearing on the petition to modify sentence evidenced an intent that appellant be given early eligibility for pre-release programs. There is no merit in this contention. Moreover, there is a federal detainer which is now pending against him.