483 A.2d 985

**COMMONWEALTH of Pennsylvania**

v.

**Randy Lynn DRAWBAUGH, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 16, 1984.

Filed Nov. 2, 1984.

Daniel F. Wolfson, York, for appellant.

Sheryl Ann Dorney, First Assistant District Attorney, York, for Commonwealth, appellee.

Before WICKERSHAM, JOHNSON and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from a judgment of sentence by the Court of Common Pleas of York County, Criminal Division, dated April 4, 1983. Appellant was sentenced to 3½ (three and one-half) to 7 (seven) years imprisonment at a state correctional institution in connection with an escape charge.

The primary issue for our consideration is whether the escape count was properly graded a felony of the third degree instead of a misdemeanor of the second degree. We hold that the offense was improperly graded.

Appellant was arrested July 28, 1982 on several summary warrants and a bail process issued by the Court of Common Pleas of York County for failure to appear in connection with separate charges. En route to police headquarters the appellant was permitted to leave the police vehicle to talk with his girlfriend whose car was stopped along the road. Once out of the police vehicle appellant fled and was not apprehended for several weeks. Appellant pled guilty to the escape charge as well as to two theft charges. During the guilty plea colloquy the court twice designated the escape charge as a felony of the third degree. While this gradation was clear, it was not correct.

18 Pa.C.S.A. § 5121(d), relating to grading of the offense, provides, in relevant part, as follows:

(1) An offense under this section is a felony of the third degree where:

(i) the actor was under arrest for or detained on a charge of felony...

(ii) the actor employs force, threat, deadly weapon or other dangerous instrumentality to effect the escape;

(2) Otherwise an offense under this section is a misdemeanor of the second degree.

There is no evidence in the record that Subsection (ii) has any applicability. Further, since the appellant was under arrest on various summary warrants and as the result of a bail process, his conduct does not fit into Subsection (i) grading escape as a felony. We note that if appellant had been arrested pursuant to a *charge* of "bail jumping", i.e. Default in Required Appearance, 18 Pa.C.S.A. 5124, the result would be very different because under those circumstances, the arrest would have been for a felony, i.e. default in required appearance where the required appearance was to answer to a charge of felony, i.e. the burglaries. See 18 Pa.C.S.A. 5124(a).

However, the facts as they actually exist in this case do not bring it under the statutory provision grading escape as a felony. Therefore, we vacate the judgment of sentence and remand for sentencing consistent with this opinion. With regard to appellant's additional claims that the trial court improperly considered the defendant's prior record score twice, we have reviewed the record and we do not agree that the judge considered defendant's prior record in determining the existence of mitigating factors.

Judgment of sentence vacated; case remanded for sentencing consistent with this opinion. Jurisdiction is relinquished.