532 A.2d 1167

**In the Interest of Troy WILSON.**

**Appeal of Troy WILSON.**

Superior Court of Pennsylvania.

Submitted July 20, 1987.

Filed Sept. 1, 1987.

Reargument Denied Sept. 1, 1987.

John Packel, Assistant Public Defender, Philadelphia, for appellant.

Before CAVANAUGH, BECK and MONTGOMERY, JJ.

CAVANAUGH, Judge:

This is a challenge of an adjudication of delinquency on the basis of the insufficiency of the evidence. Appellant, Troy Wilson, was adjudicated delinquent following proceedings in which it was determined that he violated the provisions of 18 Pa.C.S.A. § 5121(d)(1)(i)—Escape. The particular provision at issue classifies the offense as a felony of the third degree where "the actor was under arrest for or detained on a charge of felony or following conviction of crime." [1] It was uncontested at trial that Wilson had been adjudicated delinquent because of a felony robbery offense and was in detention at the Youth Development Center at Cornwells Heights, Pennsylvania. He was given a two day home leave on February 18, 1985, but failed to return. It is also clear that the crime of escape includes "failure to return to official detention after temporary leave...." 18 Pa.C.S.A. § 5121(a) and that "official detention" includes detention in any facility for custody of persons found to be delinquent. 18 Pa.C.S.A. § 5121(e).

**1.** The grading of the offense of escape provides:
(d) Grading.—
(1) An offense under this section is a felony of the third degree where:
(i) the actor was under arrest for or detained on a charge of felony or following conviction of crime;
(ii) the actor employs force, threat, deadly weapon or other dangerous instrumentality to effect the escape; or
(iii) a public servant concerned in detention of persons convicted of crime intentionally facilitates or permits an escape from a detention facility.
18 Pa.C.S.A. § 5121(d)

■■■ Appellant's argument is that he was adjudicated delinquent as a juvenile and even though the adjudication was based upon commission of the felony offense of robbery, the language of the felony provision of the crime of escape does not extend to his transgression.[2] We agree that under the only potentially applicable provision of the felony portion of the statute that appellant, a juvenile, was not under arrest for or detained on a charge of felony or following conviction of crime. The entire scheme of juvenile matters is that proceedings involving children be in the nature of delinquency hearings rather than criminal prosecutions. *See* 42 Pa.C.S.A. § 6332, 6334. Following hearing, the court may find the child to be delinquent. While evidence of facts which constitute an adult felony forms the basis for an adjudication of delinquency there is no provision for "convicting" an adjudicated juvenile of a "crime." The effect of the adjudication of delinquency is clear:

§ 6354. Effect of Adjudication

(a) General rule.—An order of disposition or other adjudication in a proceeding under this chapter is *not a conviction of crime* and does not impose any civil disability ordinarily resulting from a conviction or operate to disqualify the child in any civil service application or appointment.

42 Pa.C.S.A. § 6354(a) (emphasis added).

Belatedly, the Commonwealth argues on appeal that appellant was "detained" on a charge of felony. However, Wilson had already undergone his adjudication and was not at the time of his weekend pass being "detained on a charge." Moreover, he had been detained on an allegation of delinquency not on a charge of a crime, a distinction which the provision defining the crimes of escape itself recognizes. *See* 18 Pa.C.S.A. 1521(e) Definition.

We conclude that appellant at the time of the offense alleged was not under arrest for or detained on a charge of

---

**2.** Appellant concedes that the facts would support an adjudication of delinquency for escape as a second degree misdemeanor under § 5121(d)(2).

felony or following conviction of crime and that his adjudication of delinquency must be vacated.[3]

Order reversed.

**3.** Our reading of the escape statute is supported by the court's conclusion in *Commonwealth v. Drawbaugh,* 335 Pa.Super. 120, 483 A.2d 985 (1984) wherein a felony escape conviction was vacated since the defendant was arrested on *non-felony* charges. Similarly, the fair import of § 5121(d)(1)(i) cannot be read to include a juvenile adjudication as conviction of crime. *See* 18 Pa.C.S.A. § 105.