566 A.2d 260

COMMONWEALTH of Pennsylvania, Appellee,

v.

Howard T. FENTON, Appellant.

COMMONWEALTH of Pennsylvania, Appellee,

v.

Howard T. FENTON, Appellant.

Superior Court of Pennsylvania.

Submitted May 15, 1989.

Filed Oct. 13, 1989.

Reargument Denied Nov. 30, 1989.

Robert B. McGuinness, Towanda, for appellant.

Robert Fleury, Dist. Atty., Troy, for Com., appellee.

Before CAVANAUGH, POPOVICH and HOFFMAN, JJ.

CAVANAUGH, Judge:

This is a direct appeal from judgment of sentence. Appellant Howard Fenton was serving a sentence of partial confinement on weekends following his conviction for two misdemeanor offenses, disorderly conduct and criminal mischief. On Friday, November 20, 1987, appellant failed to appear at the Bradford County jail as scheduled. Appellant

was located at a tavern later that evening, arrested, and charged with escape. Once appellant was taken to the county jail, an altercation occurred which resulted in a further charge of simple assault being lodged against Fenton.

On March 24, 1988, appellant entered pleas of guilty to charges of simple assault, a misdemeanor of the second degree, and escape, a felony of the third degree. A hearing and colloquy were conducted by Mott, J., who accepted the guilty pleas. On May 31, 1988, appellant was sentenced to a term of three and one-half to seven years imprisonment on the escape charge, and received a concurrent sentence of eleven to twenty-four months on the assault charge. This appeal followed.

Appellant presents only three questions for our consideration:

    I.   Whether the sentencing court below gave a sufficient statement of reasons for the sentence imposed.

    II.   Whether the sentence imposed constitutes cruel and unusual punishment.

    III.   Whether the lower court erred in denying the appellant's request to withdraw his guilty pleas.

In addition, we will discuss an issue mentioned in appellant's post-verdict motions although it was not raised on appeal to the court. This issue is whether appellant's crime of escape was incorrectly graded as a felony of the third degree instead of a misdemeanor of the second degree. While we believe that the issue is not properly before this court, we recognize that it forms the basis for Judge Popovich's dissent and we feel it would be wise to note the reasons why the trial court's disposition was correct in any event.

Having reviewed the record and applicable authority, we affirm the judgment of sentence entered below.

Appellant first charges that the court did not give adequate consideration of the sentencing guidelines promul-

gated by the Pennsylvania Commission of Sentencing and that the court did not give an adequate statement of reasons for the sentence imposed.

■ Our Supreme Court has held in *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987), that the guidelines promulgated by the Sentencing Commission are of no force at all and that a sentencing court is not required to impose a sentence that would be considered appropriate by the commission. In the instant case the court's sentence was the maximum penalty which the court could impose on a person convicted of a third degree felony. 18 Pa.C.S.A. § 106(b)(4). The lower court, at the sentencing hearing, gave its reasoning in arriving at this sentence.

BY THE COURT:

All right, Mr. Fenton, in this case I have considered your age, the information about you that is in the pre-sentence investigation report, and the information about yourself that you have just given me and that your attorney has as well and the evidence of the circumstances of the offense, your personal background and the circumstances that are found to be set forth in the presentence report and are not in dispute. The facts of the offense have been established by your pleas of guilty. In addition I have considered your prior criminal record, your personal characteristics and your potential for rehabilitation and all of the available alternatives to total confinement including any factors weighing in favor of probation or partial confinement. After considering all of these factors I find that one, ... there is an undue risk during any period of probation or partial confinement, you will commit another crime. Two, you are in need of correctional treatment and rehabilitation that can best be provided by your commitment to an institution and three, a lessor [sic] sentence would depreciate the seriousness of your crimes. I therefore find that a sentence to total confinement is proper.... The Court has bent over backwards in the past for the defendant and has been lenient in the past with the defendant. The defendant did

not avail himself of that leniency and therefore it is obvious to the Court that the defendant is in need of a sentence to a state institution so that he might rehabilitate himself.

(Transcript of 5–31–88, pp.9–12). The record shows that the lower court had the benefit of a presentence report, *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988), and that the court acted within its discretion in sentencing appellant as it did. That another judge confronted with appellant's case might have acted differently does not lead to the conclusion that the sentence imposed in the instant case constitutes an abuse of discretion.

■ Appellant also argues that his sentence is so "grossly disproportionate" to the offense for which he has been convicted that it violates the ban on cruel and unusual punishment of the Eighth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment. Appellant seeks to raise this issue in a one page argument without citation of persuasive authority. While the lower court's sentence might be considered strict, it certainly does not violate any constitutional ban against cruel and unusual punishment.

■ Finally, appellant argues that the court erred in denying his application for leave to withdraw his guilty plea to the escape charge. A criminal defendant will be permitted to withdraw a guilty plea after sentencing only if he is able to make a showing of prejudice which results in a manifest injustice to the defendant. *Commonwealth v. Vance*, 376 Pa.Super. 493, 546 A.2d 632 (1988). To prove manifest injustice, a criminal defendant must show that his plea was involuntary or was entered without knowledge of the charge. *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982). Appellant Fenton has failed to demonstrate that he has suffered any prejudice which results in manifest injustice. An examination of the guilty plea colloquy shows appellant acknowledged that he was guilty of the offense of escape, and further reveals that appellant was informed that the escape charge was a third degree

felony for which he could receive a maximum sentence of seven years imprisonment. (Transcript of 3–24–88, pp. 12–19). Thus, the lower court did not err in denying appellant permission to withdraw his guilty plea.

In connection with the guilty plea, the dissent argues that the trial court erroneously interpreted the gradation section of the escape statute, 18 Pa.C.S.A. § 5121, and that appellant's crime of escape was thus incorrectly graded as a felony of the third degree. Although the issue was not properly raised on appeal, a perusal of the statute and its legislative history illustrates that the trial court made no error in this regard either.

Subsection (d) of § 5121 discusses the circumstances under which a conviction for escape will be graded as a felony or as a misdemeanor. Subsection (d) reads as follows:

(d) Grading.—

(1) An offense under this section is a felony or the third degree where:

(i) the actor was under arrest for or detained on a charge of felony or following conviction of crime;

(ii) the actor employs force, threat, deadly weapon or other dangerous instrumentality to effect the escape; or

(iii) a public servant concerned in detention of persons convicted of crime intentionally facilitates or permits an escape from a detention facility.

(2) Otherwise an offense under this section is a misdemeanor of the second degree.

18 Pa.C.S.A. § 5121(d).

We do not believe that appellant's conviction for escape could properly be graded as a felony under the provisions of § 5121(d)(1), (ii) or (iii) on the basis of the evidence presented in the record before us. However, appellant's escape was properly graded as a felony of the third degree in accordance with § 5121(d)(1)(i). Our reading of the language used by the legislature in this provision leads us to conclude that an escape is properly graded as a felony of

the third degree if it occurs following the actor's conviction of any crime for which he has been incarcerated. The language used by the legislature provides that an actor who has been convicted of a crime, whether that crime be a felony, misdemeanor or even a summary conviction, and who then commits the offense of escape, as defined by the statute, be charged with a felony of the third degree. Plainly, the legislature sought to draw a distinction between detention on charges and detention after conviction for misdemeanor and summary cases.

In the instant case, appellant had been convicted of two misdemeanor offenses prior to his escape. Thus, the Commonwealth correctly charged appellant with felony escape pursuant to 18 Pa.C.S.A. § 5121(d)(1).

This reading of the statute is in accordance with existing case law, including those cases cited by the dissent in support of its conclusion. The dissent has cited two cases in which we have held that an escape charge was incorrectly graded as a felony rather than as a misdemeanor; however, both cases can be distinguished from the situation now before us.

In *Commonwealth v. Nixon,* 328 Pa.Super. 250, 476 A.2d 1313 (1984), the information charging Nixon with escape was found to be defective in that it failed to set forth the degree of the offense. However, in the instant case the information charging appellant Fenton with escape clearly shows that the offense is graded "F3", indicating a third degree felony. The majority also cites *Commonwealth v. Drawbaugh,* 335 Pa.Super. 120, 483 A.2d 985 (1984). Drawbaugh was being detained following his arrest on several summary warrants, but had not yet been convicted of a crime, when he escaped. We held that Drawbaugh's escape was incorrectly graded as a felony under the circumstances of that case. This result does not preclude the statutory interpretation we have advanced with regard to the instant case because appellant Fenton was not merely under arrest or being detained on two misdemeanor charges at the time of his escape. Appellant Fenton had been convicted of

these crimes before his escape, which brings appellant's case with the scope of § 5121(d)(1)(i), while the circumstances in Drawbaugh's case fell under the misdemeanor provisions of § 5121(d)(2) because Drawbaugh had not been arrested or detained on a felony charge or been convicted of a crime.

We would also note that 18 Pa.C.S.A. § 5121 is derived from and uses language substantially similar to § 242.6 of the Model Penal Code upon which the Pennsylvania Criminal Code is based. The language of § 242.6(4) of the Model Penal Code reads as follows:

§ 242.6   Escape.

\*       \*       \*       \*       \*       \*

(4) *Grading of Offenses.*   An offense under this Section is a felony of the third degree where:

(a) the actor was under arrest for or detained on a charge of felony or following conviction of crime;  or

(b) the actor employs force, threat, deadly weapon or other dangerous instrumentality to effect the escape; or

(c) a public servant concerned in detention of persons convicted of crime purposely facilitates or permits an escape from a detention facility.

Otherwise an offense under this section is a misdemeanor.

The comment following this section of the model code includes the following discussion:

Subsection (4) provides that violation of Section 242.6 is a felony of the third degree if the conditions of any of three paragraphs obtains.   Paragraph (a) is the most controversial of the three and is discussed below.

\*       \*       \*       \*       \*       \*

Paragraph (a) of Subsection (4) makes it a felony to escape from a jail or other place of confinement if the detainee is under sentence for any crime, whether felony or misdemeanor.   Additionally, this provision treats as a felony any escape from arrest for a felony.

Model Penal Code and Commentaries § 242.6 (Official Draft and Revised Comments 1980). This discussion supports our interpretation of the language found at 18 Pa.C.S.A. § 5121(d)(1)(i). Consequently, appellant's crime of escape should be graded as a felony. It is not illogical that the legislature should provide a more serious penalty for escape by a convicted misdemeanant than for escape by an alleged misdemeanant who has been arrested but not convicted. We believe this was the legislature's intent.

Judgment of sentence affirmed.

POPOVICH, J., files a dissenting statement.

POPOVICH, Judge, dissenting:

I respectfully dissent. This appeal presents an opportunity to interpret the gradation section of the escape statute, 18 Pa.C.S.A. § 5121. To resolve this appeal correctly, I believe it is necessary to address an issue raised in appellant's post-verdict motions but not directly argued on appeal. Following his guilty plea on the felonious escape charge, the appellant filed a motion to withdraw his plea and a motion to modify sentence. Therein, the appellant alleged, *inter alia*, that the escape charge was, in fact, a misdemeanor of the second degree not a felony of the third degree; thus, his plea was not "knowing," and his sentence was illegal. On appeal, Howard Fenton contends the lower court erroneously denied his petition to withdraw his plea.

The central question to the resolution of this issue is whether the appellant's crime of escape was correctly graded as a felony of the third degree.

The pertinent sections of the escape statute, 18 Pa.C.S.A. § 5121, read as follows:

(a) Escape.—A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.

\* \* \* \* \* \*

(d) Grading.—

(1) An offense under this section is a felony of the third degree where:

    (i) the actor was under arrest for or detained on a charge of felony or following conviction of crime;

    (ii) the actor employs force, threat, deadly weapon or other dangerous instrumentality to effect the escape; or

    (iii) a public servant concerned in detention of persons convicted of crime intentionally facilitates or permits an escape from a detention facility.

(2) Otherwise an offense under this section is a misdemeanor of the second degree.

Upon review of the record, I am convinced that the appellant's crime of escape was incorrectly graded as a felony of the third degree when, in fact, it should have been graded as a misdemeanor of the second degree. The record is devoid of any evidence which would warrant a grading of felony in the third degree. First, the appellant was originally incarcerated on the charges of criminal mischief, a misdemeanor of the second degree, and disorderly conduct, a misdemeanor of the third degree. Therefore, his escape was not a felony of the third degree pursuant to § 5121(d)(1)(i).

I interpret the language of § 5121(d)(1)(i), "the actor was under arrest for or detained on a charge of felony or following the conviction of crime," to mean the actor was arrested for, detained on, or convicted of a *felony*.[1] To demonstrate why such an interpretation is logical, consider the following situation: defendant is convicted of a summary offense and placed on work release while incarcerated in the county jail. 18 Pa.C.S.A. § 1105 (summary conviction punishable by imprisonment up to ninety days). He fails to return to the jail from work and, later, is captured without

---

1. If one was to interpret the statute literally, the only ocassion when an escape would be graded as a misdemeanor of the second degree is when a person escapes after an arrest on a summary or misdemeanor offense while still in "official detention" *but* prior to conviction. I question why the Legislature saw fit to include subsection (2) when the possibility of an "otherwise" is so remote.

incident at his home. If we were to interpret "following the conviction of crime" to mean following the conviction of *any* crime, then defendant's offense would be graded as a felony escape—the same grading which would be imposed upon an incarcerated rapist who used excessive force in effecting his escape from a maximum security prison. Such an anomalous result could not have been the legislature's intent. Rather, logic dictates that the grading of the escape offense should be related, at least in part, to the grading of the underlying crime. I believe that was the legislature's intent when drafting § 5121(d)(1)(i), *ergo,* my current interpretation.

Second, the facts unequivocally demonstrate that the appellant escaped simply by failing to appear at the jail for his weekend confinement. Thus, the appellant did not use force "to effect" his escape, and the crime cannot be considered a felony under § 5121(d)(1)(iii).[2]

And third, there was no evidence presented (nor alleged) which would support a felony charge under § 5121(d)(1)(iii). Accordingly, I would find that the appellant's crime of escape should have been graded a misdemeanor of the second degree, § 5121(d)(2).

When reviewing a request to withdraw a guilty plea after sentence has been entered, this Court must determine whether there has been a showing of prejudice which results in a manifest injustice to the defendant. *Commonwealth v. Vance,* 376 Pa.Super. 493, 499, 546 A.2d 632, 635 (1988); *Commonwealth v. Middleton,* 504 Pa. 352, 473 A.2d 1358 (1984); *Commonwealth v. West,* 336 Pa.Super. 180, 485 A.2d 490 (1984). Under the manifest injustice standard, the petitioner must show that his plea was involuntary or

2. The Arrest Warrant Affidavit of Ptlm. Reginald Douglas of the Towanda Police states "[Officer] Dewey said that he and a Sayre police officer arrested the defendant at that time and had to use physical effort to remove him from the [Lehigh Tavern]." This is the only evidence of force exercised by the appellant which could be considered to be related to the escape. However, the appellant used force to resist arrest, not "to effect" his escape as required by the statute. In addition, his conviction on simple assault charges is wholly unrelated to the escape charge.

was entered without knowledge of the charge. *Commonwealth v. Glaze,* 366 Pa.Super. 517, 521, 531 A.2d 796, 798 (1987); *Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591 (1982).

Instantly, I am convinced that the appellant pleaded guilty to the correct crime but one incorrectly graded as a felony instead of a misdemeanor. Ordinarily, a defendant who enters a guilty plea after an incorrect explanation of the possible sentence will be allowed to withdraw the plea under the manifest injustice standard. *Commonwealth v. Leonhart,* 358 Pa.Super. 494, 517 A.2d 1342 (1986), appeal denied, 515 Pa. 620, 531 A.2d 428 (1987) (withdrawal allowed where defendant not informed at colloquy of Commonwealth's intention to proceed under mandatory sentencing provision). However, under the facts before us, the appellant will not suffer prejudice on the level of manifest injustice if he is not allowed to withdraw his plea. The appellant's ignorance of what I believe to be the correct possible sentence did not deprive him of his right to weigh the alternatives of going to trial versus entering a guilty plea, *Shaffer, supra,* because his true possible sentence was, in reality, less than the possible sentence upon which he based his decision.

The appellant pleaded guilty to the crime of escape which was correctly defined by the lower court citing 18 Pa.C.S.A. § 5121(a). Under the statute, the grading of the escape as a felony or a misdemeanor relates not to the guilt or innocence of the defendant but to the punishment to be imposed. *Commonwealth v. Jones,* 279 Pa.Super. 93, 98, 420 A.2d 1046, 1049 (1980). Having determined that the appellant's escape was incorrectly graded, I would hold that manifest injustice is prevented, not by allowing the appellant to withdraw his plea, but rather by vacating the illegal felony sentence and remanding for resentencing as a misdemeanor of the second degree. *Commonwealth v. Nixon,* 328 Pa.Super. 250, 252–255, 476 A.2d 1313, 1314–1315 (1984); *Commonwealth v. Drawbaugh,* 335 Pa.Super. 120, 121, 483 A.2d 985, 986 (1984) (defendant sentenced on

escape as felony three, rather than appropriate grade of misdemeanor two, sentence vacated, case remanded).