583 A.2d 495

**COMMONWEALTH of Pennsylvania**

v.

**Michael JANIS, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 4, 1990.

Filed Dec. 17, 1990.

Joan M. Righter, Norristown, for appellant.

Patricia E. Coonahan, Asst. Dist. Atty., Cheltenham, for Com., appellee.

Before MONTEMURO, JOHNSON and CERCONE, JJ.

JOHNSON, Judge:

Michael Janis appeals from the judgment of sentence entered upon his open plea of guilty to the charge of escape. He contends that the sentencing court improperly graded the severity of the offense as a felony of the third

degree, rather than as a misdemeanor of the second degree, pursuant to 18 Pa.C.S. § 5121(d). We find that the factual circumstances in existence at the time Janis removed himself from official detention do not satisfy the statutory requirements for the felony conviction. Accordingly, we vacate the judgment of sentence and remand for resentencing on the escape conviction only.

In March, 1989, a Sears Department Store security agent apprehended Janis in possession of two nut driver sets valued at $38.96 outside the Sears store in King of Prussia, Pennsylvania. Janis had exited the store without attempting to pay for the merchandise. He was taken to the Upper Merion Township police station, where he was arrested for retail theft.

According to Janis' uncontradicted testimony at the guilty plea colloquy on September 15, 1989, he had been at the police station for about two hours following his arrest, sitting in a chair next to a detective. He had not been charged with either a misdemeanor or a felony crime, as the detectives were waiting for Janis' record to come back. The detective sitting with Janis received a personal telephone call to the effect that he had to pick up one of his suits from the cleaners. The detective attempted to handcuff Janis to the station wall, in order that the detective could leave on his personal business, but the handcuff did not fully engage.

After the detective left to retrieve his suit from the cleaners, Janis removed the handcuff from his wrist and walked into an outer room, looking for his cigarettes. When he discovered that he was the only person in the building, he walked to the door and stepped outside. As he started to walk away, another detective was approaching the station in his automobile. The detective ordered Janis to stop. Janis fled and was taken into custody again when found hiding under a bush behind the police station.

It was only following the passage of another hour after his recapture that the detectives received Janis' record, determined that he had prior convictions for retail theft, and

charged him with retail theft, felony three, and escape. Notes of Testimony, September 15, 1989, pages 8–10.

Counsel for the Commonwealth and the defendant agreed that Janis would tender an open plea to the escape charge and that the court, after receiving the testimony, would determine whether the offense would be graded as a felony or as a misdemeanor. N.T., *supra*, at 2–3, 11–12.

In pertinent part, the Crimes Code provides as follows:

§ 5121. Escape

(a) Escape.—A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.

. . . . .

(d) Grading.—

(1) An offense under this section is a felony of the third degree where:

(i) the actor was under arrest for or detained on a charge of felony or following conviction of crime;

(ii) the actor employs force, threat, deadly weapon or other dangerous instrumentality to effect the escape; or

(iii) a public servant concerned in detention of persons convicted of crime intentionally facilitates or permits an escape from a detention facility.

(2) Otherwise an offense under this section is a misdemeanor of the second degree.

18 Pa.C.S. § 5121.

The sentencing court, in its Opinion dated May 7, 1990, correctly points out that a defendant cannot be sentenced for felony escape unless the facts fall within the statutory language of Section 5121(d)(1) set forth above. The court has not, however, informed us which subsection it found applicable on the facts existing in this case. We can readily eliminate subsection (d)(1)(ii) since Janis did not employ force, threat, deadly weapon or other dangerous instrumentality to effect his attempted escape. He simply removed a

handcuff which had not been completely locked to his wrist by the attending detective. We can also eliminate subsection (d)(1)(iii) since there is no suggestion on the record that the failure of the detective to secure the handcuff was intentional nor was Janis convicted of crime at any time material to this appeal.

We turn then to subsection (d)(1)(i) which requires that the defendant either be under arrest for a felony charge, detained on a felony charge, or already convicted of any crime in order for the felony grading of § 5121(d) to be applied. Again, we can eliminate the third alternative contained within this subsection as a possibility, since Janis had not been convicted of any crime at the time he walked out of the Upper Merion Police Station. This leaves us to consider whether Janis was:

... under arrest for or detained on a charge of felony ... at the time he attempted his escape.

At the time Janis walked out of the Upper Merion Police Station, the police were unaware whether he had prior convictions for retail theft. At that time, he had not been placed under arrest for a felony nor was he being detained on a felony.

In *Commonwealth v. Drawbaugh*, 335 Pa.Super. 120, 483 A.2d 985 (1984), this court was faced with a similar situation. Drawbaugh had been arrested on several summary warrants and a bail process. While enroute to the police station, he was permitted to leave the police car to talk with a friend. Once out of the police car, Drawbaugh fled and was later apprehended and charged with escape. In vacating the felony sentence, this court said:

> [S]ince the appellant was under arrest on various summary warrants and as the result of a bail process, his *conduct* does not fit into Subsection (i) grading escape as a felony. We note that if appellant had been *arrested* pursuant to a charge of "bail jumping",.... the result would be very different because under those circumstances, *the arrest would have been for a felony....*

However, the facts as they actually exist in this case do not bring it under the statutory provision grading escape as a felony.

335 Pa.Super. at 122, 483 A.2d at 986. (Boldness in original, underlining supplied).

Applying the analysis utilized in Drawbaugh, and construing the language contained in Section 5121(d)(1)(i), we conclude that, in grading the offense of escape, we must look to the conduct of the accused at the time the escape is attempted or realized together with only those facts which are known to the parties at that time. We find it significant that the statute speaks in the past tense: an offense is a felony if, and only if, the actor *was* under arrest for, or *was* detained on a charge of, felony. The past tense only makes sense if it is understood to relate back to the time at which the escape was attempted.

Both the trial court and the Commonwealth refer to cases which stand for the proposition that a defendant is entitled to notice, through the bill of information, that he is being charged with felony escape. *Commonwealth v. Nixon*, 328 Pa.Super. 250, 476 A.2d 1313 (1984); *Commonwealth v. McNeill*, 293 Pa.Super. 319, 439 A.2d 131 (1981); *Commonwealth v. Jones*, 279 Pa.Super. 93, 420 A.2d 1046 (1980); *Commonwealth v. Longo*, 269 Pa.Super. 502, 410 A.2d 368 (1979). While it certainly is true that a defendant cannot be sentenced for felony escape unless he has been put on notice, the mere giving of notice cannot satisfy the concomitant requirement that the facts fall within the statutory language of Section 5121(d)(1). Thus, in the case before us, that Janis had entered a guilty plea to an open charge of escape, and that the bill of information, drawn up long after the escape attempt, set forth the felony escape charge, does not substitute for the lack of sufficient facts to establish that Janis was under arrest for a felony, or detained on a felony charge, at the moment he walked out the front door of the Upper Merion police station.

To similar effect is our decision in *In re Wilson*, 367 Pa.Super. 321, 532 A.2d 1167 (1987), where we reviewed the

appellant's status at the time of the offense alleged and concluded that a minor was not under arrest for or detained on a charge of felony. There, the Commonwealth unsuccessfully sought to argue that since a robbery offense was the basis for the adjudication of delinquency, the juvenile's failure to return from home leave satisfied the statutory requirement that the actor be "under arrest for or detained on a charge of felony."

In the case now before us, the Commonwealth urges us to use the grading section of the retail theft statute, which determines the *sentence* there to be applied, and bootstrap that grading section onto the grading section of the escape statute. This would result in our declaring it to be a felony when one walks away from a negligently attached handcuff while being held for shoplifting $38.96 worth of goods. We decline this invitation.

We recognize that Janis' offense was determined to be a felony "at the time of sentencing." We read *Drawbaugh* as directing that the defendant's conduct be examined as of the time she or he removes herself or himself from official detention. When we apply the *Drawbaugh* analysis to the facts on this appeal, we conclude that Michael Janis can only be sentenced, on the escape charge, as a misdemeanor of the second degree. 18 Pa.C.S. § 5121(d)(2).

Accordingly, we vacate the judgment of sentence on the escape charge filed at No. 2117 of 1989 in the trial court. We leave undisturbed the judgment of sentence at No. 2094 of 1989 involving the retail theft charge. To the extent that Janis initially sought to appeal both sentences on the basis that they were harsh and excessive, we note that the Brief for Appellant only argues the claimed illegality of the sentence on the escape charge. We have reviewed the entire record, nevertheless, and find that the Opinion of the Honorable Stanley R. Ott filed May 7, 1990 adequately and correctly disposes of the claim that the sentences imposed are harsh and excessive. Based on that Opinion, we affirm the judgment of sentence at No. 2094 of 1989.

Judgment of sentence at No. 2094 of 1989 AFFIRMED. Judgment of sentence at No. 2117 of 1989 VACATED. Case remanded for resentencing at No. 2117 of 1989. Jurisdiction relinquished.