COMMONWEALTH of Pennsylvania, Appellant

v.

**Michele Lea KOWALSKI, Appellee.**

Superior Court of Pennsylvania.

Submitted March 15, 2004.
Filed July 7, 2004.

**546**

Karen A. Diaz, Asst. Dist. Atty., Doylestown, for Com., appellant.

Christa S. Dunleavy, Doylestown, for appellee.

Before: STEVENS, TAMILIA and JOHNSON, JJ.

TAMILIA, J.

¶ 1 The Commonwealth appeals the August 4, 2003 Order granting appellee Michele Kowalski's motion to quash the information on the count of escape,[1] graded as a felony of the third degree.

1.  18 Pa.C.S.A. § 5121.

¶ 2 The trial court summarized the underlying facts as follows:

Defendant Kowalski was serving a sentence on misdemeanor charges. Defendant was allegedly seen entering a blue sports car and absconding from the Bucks County Women's Community Corrections Center with another inmate. At that time the corrections officers did a head count and determined that Defendant was not present. Defendant was subsequently charged with third degree felony escape.

Trial Court Opinion, Rufe, J., 12/11/2003, at 2.

¶ 3 Appellee made an oral motion to quash the information, which the court entertained to determine the proper grading of the escape charge. At the hearing on the matter the Commonwealth argued the language of 18 Pa.C.S.A. § 5121, **Escape**, (d) **Grading**, provides for grading an escape following the conviction of *any* crime as a third degree felony. The court granted appellee's motion to quash as it concluded the language of Section 5121(d)(1)(i) is vague and ambiguous. Alternatively, the court believed the statute requires an escape to be charged as a felony where the underlying offense is a felony and as a misdemeanor where the underlying offense is a misdemeanor. This timely appeal followed in which the Commonwealth raises one question for our review:

Whether the trial court erred in granting appellee's motion to quash information on the count of escape, properly graded as felony of the third degree, and erred in finding that the grading should have been a misdemeanor of the second degree, where appellee, following her convictions and original sentences on the charge of driving under the influence

and false identification to law enforcement, was serving a backtime sentence for violation of parole, and having been granted placement in the Women's Community Corrections Center, left the grounds without permission or authorization.

Commonwealth's brief at 4.

¶ 4 The appropriate construction of Section 5121 is a question of law, subject to *de novo,* plenary review. *See, Commonwealth v. Bradley,* 575 Pa. 141, 149, 834 A.2d 1127, 1131 (2003). Penal statutes are to be strictly construed and any ambiguities are to be resolved in favor of the accused. *Commonwealth v. Reaser,* 851 A.2d 144, 149–150 (2004), *citing Commonwealth v. Booth,* 564 Pa. 228, 233–234, 766 A.2d 843, 846 (2001). "(S)trict construction is a means of assuring fairness to persons subject to the law by requiring penal statutes to give clear and unequivocal warning in language that people generally would understand, as to what actions would expose them to liability for penalties and what the penalties would be." *Reaser, supra, citing Commonwealth v. Cluck,* 252 Pa.Super. 228, 381 A.2d 472, 477 (1977). We further note there is a strong presumption that legislative enactments do not violate the constitution. *Commonwealth v. MacPherson,* 561 Pa. 571, 580, 752 A.2d 384, 388 (2000). A statute will only be found to be unconstitutional if it "clearly, palpably, plainly" violates constitutional rights. *Id.* (citation omitted).

¶ 5 With the above in mind, we consider the language of 18 Pa.C.S.A. § 5121(d), which provides in relevant part:

(1) An offense under this section is a felony of the third degree where:

(i) the actor was under arrest for or detained on a charge of felony or following conviction of crime;

. . .

(2) Otherwise an offense under this section is a misdemeanor of the second degree.

*Id.*

¶ 6 This Court previously considered the language of Section 5121(d)(1)(i) and concluded "an escape is properly graded as a felony of the third degree if it occurs following the actor's conviction of any crime for which he has been incarcerated." *Commonwealth v. Fenton,* 388 Pa.Super. 538, 566 A.2d 260, 263 (1989), *appeal denied,* 525 Pa. 662, 583 A.2d 792 (1990) (emphasis supplied). Although dicta and therefore not binding, we are persuaded by the sound reasoning of the *Fenton* Court on this issue.

¶ 7 The *Fenton* Court explained:

The language used by the legislature provides that an actor who has been convicted of a crime, whether that crime be a felony, misdemeanor or even a summary conviction, and who then commits the offense of escape, as defined by the statute, be charged with a felony of the third degree. Plainly, the legislature sought to draw a distinction between detention on charges and detention after conviction for misdemeanor and summary cases.

*Id.*

¶ 8 The *Fenton* Court further noted that 18 Pa.C.S.A. § 5121 is derived from and uses language substantially similar to that of Section 242.6 *Escape,* (4), of the Model Penal Code which states in pertinent part:

Grading of Offenses. An offense under this Section is a felony of the third degree where:

(a) the actor was under arrest for or detained on a charge of felony or following conviction of crime;

. . .

Otherwise an offense under this Section is a misdemeanor.

Model Penal Code § 242.6. Significantly, the explanatory note following this section of the Code elaborates.

> The offense is a felony of the third degree if the detainee is under arrest for a felony or is serving a sentence for conviction of *any* crime, if the actor employs force, threat, or a deadly weapon, or if a public servant purposely permits escape from a detention facility. Otherwise, violation of this provision is a misdemeanor.

Model Penal Code, Explanatory Note for section 242.6 (emphasis supplied). This statement supports the *Fenton* Court's interpretation of 18 Pa.C.S.A. § 5121(d)(1)(i). Moreover, as the *Fenton* Court observed, "[i]t is not illogical that the legislature should provide a more serious penalty for escape by a convicted misdemeanant than for escape by an alleged misdemeanant who has been arrested but not convicted." *Id.,* at 264.

¶ 9 A subsequent Opinion authored by Judge Justin Johnson, an esteemed member of this Court, also supports this interpretation. In *Commonwealth v. Janis,* 400 Pa.Super. 280, 583 A.2d 495 (1990), the *Janis* Court further elucidated that Section 5121(d)(1)(i) "requires that the defendant either be under arrest for a felony charge, detained on a felony charge, or already convicted of *any* crime in order for the felony grading of § 5121(d) to be applied." *Id.,* at 497 (emphasis supplied).

¶ 10 We agree with this interpretation of 18 Pa.C.S.A. § 5121. It is also consistent with the plain meaning of the language employed by the legislature. If the legislature intended that an escape following conviction of a crime should be charged as a felony only if the escapee was serving a sentence on felony charges, the legislature could simply have worded Section 5121(d)(1)(i), "the actor was under arrest for, or detained on a charge of, or

following conviction of, a felony." Instead, the legislature chose to state, "the actor was under arrest for or detained on a charge of felony or following conviction of crime." The word "felony" clearly does not qualify "conviction of crime."

¶ 11 The cold logic of these interpretations of this Section is derived from the imperative that persons convicted of any crime and sentenced to custodial disposition have had due process and their day in court and should not be permitted to trivialize the process by absconding. We find no vagueness or ambiguity in a statute which must be read to inform the convicted miscreant that any escape from legally imposed custody upon conviction of any grade of crime is to be treated with the same degree of severity. Uniformity in this regard eliminates confusion and ambiguity rather than produces it.

¶ 12 Based on our interpretation of 18 Pa.C.S.A. § 5121(d)(1)(i), although appellee was serving a sentence on misdemeanor charges at the time of her escape, her escape was properly graded by the Commonwealth as a felony of the third degree.

¶ 13 Order quashing the information is vacated. Case remanded for proceedings consistent with this Opinion.

¶ 14 Jurisdiction relinquished.