J-A22026-14

2014 PA Super 248

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
                                         :         PENNSYLVANIA
           Appellee         :
                                         :
           v.                  :
                                         :
LARRY LEE STOPPARD, JR.,      :
                                       :
           Appellant       :      No. 1835 MDA 2013

Appeal from the Judgment of Sentence Entered May 22, 2013,
In the Court of Common Pleas of Lebanon County,
Criminal Division, at No. CP-38-CR-0001298-2012.

BEFORE: PANELLA, SHOGAN and FITZGERALD*, JJ.

OPINION BY SHOGAN, J.:              **FILED OCTOBER 29, 2014**

Appellant, Larry Lee Stoppard, Jr., appeals from the judgment of

sentence entered on May 22, 2013, in the Lebanon County Court of Common

Pleas. We affirm.

The relevant facts and procedural history of this matter were set forth

by the trial court as follows:

> Defendant was found guilty on charges of felony Escape
> and Flight to Avoid Apprehension after a bench trial conducted
> on March 21, 2013. Prior to the bench trial, Defendant had filed
> a Pretrial Motion seeking regrading of both charges to
> misdemeanors. We denied the Pretrial Motion by Order of
> November 16, 2012. On May 22, 2013, Defendant was
> sentenced to twenty-seven months to five years in a state
> correctional facility. On June 3, 2013, he filed a Post Sentence
> Motion contending that we had erred in denying the Pretrial
> Motion.

_____

*Former Justice specially assigned to the Superior Court.

Our decision to deny the Pretrial Motion was based upon the following stipulated facts submitted by the parties as outlined in our Opinion which accompanied the Order of November 16, 2012:

**Defendant was initially charged in Action No. 1282-2012 with felony Burglary and Conspiracy offenses and misdemeanor Theft and Conspiracy offenses for allegedly taking metal drums from a residential carport**. In [the case at bar,] Action No. 1298-2012, he was charged with felony Escape and Flight to Avoid Apprehension charges ("Escape and Flight charges") for allegedly fleeing from police in order to avoid apprehension on the charges then pending in No. 1282-2012. Subsequently, the Commonwealth withdrew the felony Burglary and Conspiracy charges in No. 1282-2012 and Defendant filed an Omnibus Pretrial Motion requesting that we direct the regrading of the Escape and Flight charges of No. 1298-2012 from felonies to misdemeanors as a result. The parties have stipulated to the following facts relative to our disposition of this Motion.

On July 3, 2012, felony charges of Burglary, Criminal Conspiracy to Commit Burglary and misdemeanor charges of Theft by Unlawful Taking or Disposition and Criminal Conspiracy to Commit Theft by Unlawful Taking or Disposition[1] were filed against Defendant for allegedly taking the metal drums from a carport at a residential property. He was not apprehended on the charges and a felony warrant was issued. On July 6, 2012, Defendant appeared at the office of District Judge Garver on an unrelated matter. When Garver's staff noted the existence of the warrant, they summoned the police. Chief Stanley Jasinski of the Palmyra Police Department responded to the District Justice Office in full uniform and explained to Defendant that he was under arrest pursuant to the Burglary warrant and that he would be required to accompany Chief Jasinski to Central Booking. Upon being instructed to place his hands

behind his back for handcuffing, Defendant turned from Chief Jasinski, fled the building, ran from the police and told a female companion standing near his vehicle, "they have a Burglary warrant for me, let's go." Defendant then drove away in the vehicle. As a result, Chief Jasinski filed third-degree felony Escape and Flight charges against Defendant on that date.

> [1] 18 Pa.C.S.A. § 3502(a), Criminal Conspiracy to Commit Burglary, 18 Pa.C.S.A. §§ 903, 3502(a), 18 Pa.C.S.A. § 3921(a), 18 Pa.C.S.A. §§ 903, 3921(a) respectively.

On August 30, 2012, Defendant stipulated to the Affidavit of Probable Cause with respect to the Escape and Flight charges and a preliminary hearing was held on the Burglary charges. All charges in both cases were bound over and held for Court. The Escape and Flight charges were docketed in this Court to No. 1298-2012; the Burglary, Theft and related Conspiracy charges were docketed to No. 1282-2012.

Defendant subsequently filed a Petition for Writ of Habeas Corpus regarding the Burglary charges.[2] The Commonwealth ultimately agreed with the averments of the Petition and stipulated to the withdrawal of the Burglary and Conspiracy to Commit Burglary counts in that action. Thus, only charges of Theft and Conspiracy to Commit Theft, both misdemeanors, remained at No. 1282-2012.

> [2] The petition averred that the Commonwealth could not establish a *prima facie* case on the two Burglary charges due to the location from which Defendant was alleged to have taken the metal drums.

In Defendant's Pretrial Motion, he argued that the withdrawal of the felony Burglary and Conspiracy to Commit

Burglary charges from No. 1282-2012 required the regrading of his Escape and Flight charges to misdemeanors in No. 1298-2012. The Commonwealth countered that the Escape and Flight charges in No. 1298-2012 should remain felonies as Defendant was charged with the felony Burglary offenses at the time he fled from Chief Jasinski and that the subsequent withdrawal of those charges did not affect the grading of the Escape and Flight charges.

Trial Court Opinion, 10/1/13, at 1-4 (emphasis added).  The trial court denied Appellant's post-sentence motion.

Following the entry of the judgment of sentence and the denial of his post-sentence motion, Appellant filed this timely appeal.  On appeal, Appellant raises the following issue for this Court's consideration:

Whether the Commonwealth's withdrawal of the Burglary and Conspiracy to commit Burglary charges should lower the grading of [Appellant's] Escape and Flight to avoid Apprehension specifically since the facts and circumstances of the case never supported the felony charges?

Appellant's Brief at 4 (footnotes omitted).

The grading of a criminal offense is an issue of statutory interpretation.  **Commonwealth v. Felder**, 75 A.3d 513, 515 (Pa. Super. 2013).  The interpretation of a statute is a pure question of law, and therefore our standard of review is *de novo* and our scope of review is plenary.  **Id**.

As noted above, Appellant was charged and convicted of escape and flight to avoid apprehension.  Those crimes are defined, in relevant part, as follows:

**Escape**

**(a) Escape**.--A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.

* * *

**(d) Grading**.--

(1) An offense under this section is a felony of the third degree where:

(i) the actor was under arrest for or detained on a charge of felony or following conviction of crime;

* * *

(2) Otherwise an offense under this section is a misdemeanor of the second degree.

18 Pa.C.S. § 5121(a), (d)(1)(i) and (d)(2).

**Flight to avoid apprehension, trial or punishment**

**(a) Offense defined**.--A person who willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid apprehension, trial or punishment commits a felony of the third degree when the crime which he has been charged with or has been convicted of is a felony and commits a misdemeanor of the second degree when the crime which he has been charged with or has been convicted of is a misdemeanor.

18 Pa.C.S. § 5126(a).

Appellant argues that because the felony burglary charges were withdrawn after he was arrested, his flight and escape was from the misdemeanor charge of theft, not felony charges. Thus, he claims the

-5-

escape and flight charges should only be graded as misdemeanors. Appellant's Brief at 10. We disagree based on the facts as they existed at the time Appellant committed the crimes of escape and flight to avoid apprehension.

In **Commonwealth v. Janis**, 583 A.2d 495, 497 (Pa. Super. 1990), this Court explained the methodology in grading as follows:

> "we conclude that, in grading the offense of escape, we must look to the conduct of the accused **at the time the escape is attempted or realized together with only those facts which are known to the parties at that time.** We find it significant that the statute speaks in the past tense: an offense is a felony if, and only if, the actor was under arrest for, or was detained on a charge of, felony. The past tense only makes sense if it is understood to relate back to the time at which the escape was attempted."

*Id*. at 497 (emphasis added).[1]

As is evidenced in the plain language of 18 Pa.C.S. § 5121(d) and 18 Pa.C.S. § 5126(a), the grading of these crimes depends on the grading of the underlying crimes. Here, **at the time Appellant fled**, the underlying crimes with which he had been charged were burglary and conspiracy to commit burglary. Therefore, because burglary is a crime that can only be

---

[1] While **Janis** discusses only escape, we conclude that, based on the similarity of purpose in the language of 18 Pa.C.S. § 5126(a), **Janis's** rationale applies equally to the crime of flight to avoid apprehension. **See also Commonwealth v. Steffy**, 36 A.3d 1109 (Pa. Super. 2012) (holding that flight to avoid apprehension was properly graded as a felony when the defendant eluded police to avoid apprehension where the defendant had an outstanding bench warrant for a felony offense).

graded as a felony of the first or second degree pursuant to 18 Pa.C.S. § 3502, Appellant committed felony escape and felony flight to avoid apprehension at the time he fled.[2] *Janis*, 583 A.2d at 497.

For the reasons set forth above, we conclude there was no error in the trial court's refusal to alter the gradation of the charges of escape and flight to avoid apprehension. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Panella joins the Opinion.

Justice Fitzgerald files a Dissenting Opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2014

---

[2] We note that the conspiracy charge would also be a felony. *See* 18 Pa.C.S. § 905 ("Except as otherwise provided in this title, attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy.").